Per Curiam,.

There is no reason why the verdict in this case should not stand ; the jury having found that there was a debt due to Crafts, the first attaching creditor, and that his attachment was instituted, and the process carried on, bona fide, to judgment.
It is true, that the attaching officer must keep possession of the goods attached to him, in order to prevent the effects of a second attachment. But this possession needs not to be personal. In many cases it cannot be so. It is sufficient that the officer should lock up the goods, and retain the key ; or put them into the custody of some one acting as his servant ; the purpose being to give notoriety to the attachment.
This was an attachment of furniture, which was put into the custody of a young woman boarding in the house, and the debtor, who was a female, was permitted to use the furniture. This will not avoid the special title, which Baldwin, the attaching officer, acquired. The use, permitted to the woman, was from motives of humanity and compassion, and.not with a design to cover the property against creditors * by a pretended attachment. Jackson, [*134] who made the second attachment, had notice from the young woman who had the custody of the goods, that they had been previously attached. The whole transaction appears to have been innocent and laudable, and has not divested the special property o, the plaintiff.†

Judgment on the verdict.

 Train vs. Wellington, post, 495. — Bridge vs. Wyman et al, 14 Mass. Rep. 140. [Fettyplace vs. Dutch, 13 Pick. 388.— Ed.]