Parker, C. J.
We are of opinion that the direction of the judge at the trial was correct, and that the verdict is well maintained by the evidence stated in the report. The attachment made by Webster was sufficient to make him responsible for the property to the attaching creditor ; but actual custody or possession was necessary to make it valid against a subsequent attachment.
The delivery over to Coffin appears to have been merely nominal. The debtors were permitted to work upon the ship, and to have the visible possession of her at the time Wyman made his attachment; and Coffin, who was the servant of Webster, gave no notice to Wyman, or to any other person, that he had the custody of the ship.
If it be not necessary, in order to perfect the attachment of a ship, that the attaching officer should place a person on board, to keep possession, and notify others that the vessel is in the custody of the law, it is at least essential that the debtors should not have the management of such property, in the same manner as they would have if no attachment were made, and that some persons should be authorized and required by the attaching officer to give notice, in case a second attachment is attempted.
The effect of these nominal attachments, viz., leaving the property in the hands of the debtor, and taking a receipt of some friend of his, has been frequently adverted to. They are so far valid as to bind the officer for the value of the property, and to give force to the contract between him and the person who gives his receipt for it. But with respect to strangers, other creditors, or purchasers without notice, the attachment is wholly inoperative. Such transactions are always confidential; the sheriff takes his security from the friend of the debtor; and this friend is secured by, or he relies upon, the debtor. They all act at their peril, * and have it not in their power to effect the security of the attaching creditor, or by such means to withhold the property from other creditors.
Wyman had full right to attach this ship; and although he also permitted her to go to sea, yet the plaintiff has not been injured thereby; for the judgments in those suits have been satisfied. Nor do we perceive that Wyman has brokén the condition of his bond in consequence of having had the execution of Phillips & Al. committed to him, and returning it unsatisfied. The ship was *170 gone when he received the execution ; and it does not appear that he knew of the attachment made by Webster until more than thirty days after the judgment had expired ; nor did he know, until then, that Coffin had become responsible to Webster, (a)

Judgment on the verdict.

.) [Sanderson vs. Edwards, 16 Pick. 144. — Hemenway vs. Wheeler, 14 Pick. 408 —- Naylor vs. Dennie, 8 Pick. 198. — Ilsley vs. Nichols, 12 Pick. 270. — Sawyer vs. Merrill, 6 Pick. 478. — Baldwin vs. Jackson, 12 Mass. Rep. 131.— Train vs. Wellington, 12 Mass. Rep. 495. — Merrill vs. Sawyer, 8 Pick. 397.-— Carrington vs. Smith, 8 419. — Ed.]