CHESTER SPENCER *vs.* HOSEA WILLIAMS, and others.

When a deputy sheriff takes a receipt to himself for property attached by him, he may sue thereon in his own name to recover the value.

In an action on a receipt given to the sheriff for property attached by him, the defendant will not be permitted to prove that the goods mentioned in the receipt were not actually attached, nor that no such property was ever in the sheriff's possession, nor delivered by him to the defendant.

An agreement by the plaintiff not to proceed against the body or property of one of several joint contractors, does not operate to discharge the others, and cannot be given in evidence by the defendants in a suit brought against all the obligors.

This was an action on a receipt for property attached by the plaintiff, as deputy sheriff, on several writs of attachment. At the trial in the county court, the plaintiff having read the receipt and proved a demand of the property, the defendants contended that the action could not be maintained, but that it should have been brought in the name of the sheriff. The court overruled the objection. The defendants then offered evidence to prove that no such property was attached by the plaintiff as was described in the receipt, and that no such property was ever in his possession, or delivered by him to the defendants. To the admission of which evidence the plaintiff objected, and the court rejected the evidence. The defendants also offered, as evidence of a discharge, a certain contract made between the plaintiff and *Jazariah Barrett, jun.* one of the signers of said receipt ; which contract, so far as necessary to be here recited, was as follows :

" It is agreed by and between the undersigned parties, this 21st
" day of May, 1825, at *Middletown,* in the county of *Rutland,* as
" follows : *Jazariah Barrett, jun.* is to secure by his note, joint-
" ly and severally with *Erastus Barker,* the demand called the
" *Jarvis* demand, being a suit in the name of *Wm. G. Hunter,* of
" the sum of six hundred and thirteen dollars, payable in eight-
" teen months from the date hereof, with interest. In considera-
" tion of which, *Chester Spencer,* being interested to secure the
" same Jarvis demand, hereby agrees and engages to stop all pro-
" ceedings on a suit in his name against the said *Barrett* and one
" other suit in his name, against said *Barrett* and others, which
" suits were commenced on two receipts taken by him, the said
" *Spencer,* as deputy sheriff, and returnable to the county court
" in *Rutland,* at the next term thereof, and to give up the receipt
" upon which the first above mentioned suit was commenced.
" And he further agrees, that should any judgment be hereafter ob-
" tained in a suit returnable at the same next term of said county
" court against the said *Barrett,* on the said receipt last above
" mentioned, that neither his, the said *Barrett's,* property, nor
" his body, shall be taken on said execution. And I, the said
" *Spencer,* further agree, that as the body of *Jonathan Barrett*
" is now committed on an execution on the said *Jarvis'* demand,
" in the name of said *Hunter,* that the said commitment shall

Rutland,
February,
1828.
———
Spencer
vs.
Williams et al.
"remain for the benefit of the said *Barker* and *Jazariah*, that
"is, that the said note herein above mentioned shall not be given
"up to the said *Jarvis*, nor to the said *Hunter*, nor to either of
"them, nor controlled by them, until a stipulation to that effect
"shall have been entered into and concluded in writing, and for-
"warded to the said *Barker*, or to the said *Jazariah*, for the
"benefit of the said *Jazariah* and *Barker*."

To the admission of this evidence the plaintiff objected, on the
ground that it amounted simply to a covenant not to prosecute
said *Jazariah Barrett* on said receipt ; and the court were of
opinion that the contract would not operate as a release, and exclu-
ded the evidence. A verdict, by direction of the court, was re-
turned for the plaintiff.

The defendant filed exceptions to the aforesaid opinions of the
county court, and removed the cause to this Court on a motion for
a new trial.

*Williams and Royce, for the defendants.*—1. In this cause it
is insisted that the plaintiff, as deputy sheriff, could not in his own
name sustain any action on a contract made with him in that capa-
city ; but that the act of the deputy being legally the act of the
sheriff, the name of the sheriff must be used to enforce any con-
tract made with his deputy in that capacity.—*Smith* vs. *Joiner*, 1
*D. Chip.* 62.

2. Parol evidence is admissible to show that no such property
was attached as is mentioned in the receipt. This is not the or-
dinary case of a contract between the parties when a certain act
or duty is to be performed ; for in every case of that kind the
party is supposed to be in possession of all the facts or circumstan-
ces necessary to secure his right : but in the present case the de-
fendants might be led into a belief of the debtor's ability to pay,
from the circumstance merely that so large an amount of property
was in his possession, and it consequently would be a fraud on them.

3. The discharge of *Barrett*, one of the makers of the receipt,
was a discharge of all. The words "and that the body nor prop-
erty of the said *Barrett* should not be taken on the execution," is
a full discharge to him ; and although it may not have been intend-
ed as a discharge of the other signers, yet if that was its legal effect,
they may avail themselves of it.

*Bates* & *Child for the plaintiff.*—1. When a deputy sheriff re-
ceives a receipt for goods attached, it is a personal contract with
him, on which he may sue. Such has always been the practice in
this state. 1 *Aik. Rep.* 258, *Hutchinson* vs. *Parkhurst.*—11 *Mass.*
317, *Lyman* vs. *Lyman.*

2. The receiptors, from the receipt itself, are stopped from de-

nying the attachment and reception of the goods, which would be a fraud on the officer. 11 *Mass*. 317, *Lyman* vs. *Lyman*.

3. The papers annexed to this case do not shew even a covenant not to sue : but a covenant not to sue one of two joint obligors is not a discharge of the other. 2 *Term R.* 168, *Dean* vs. *Newhall.*—1 *Swift's Dig.* 302.

RUTLAND;
*February,*
182 .

Spencer
*vs.*
Williams et al.

PRENTISS J. pronounced the opinion of the Court.—The question, as to the right of the plaintiff to sue on the contract declared upon, ought properly, as the matter is apparent upon the record, to have been taken by a demurrer to the declaration, or, after verdict, by a motion in arrest of judgment; but as the question was raised and decided on the trial of the general issue, and has been made a ground of exception, it may be considered as regularly before us. The action is founded on a receipt, or memorandum in writing, executed by the defendants to the plaintiff, in which they acknowledge to have received of the plaintiff certain goods, attached by him as deputy sheriff, on several writs against *Jonathan F. Barrett* and others, and promise to deliver the goods to the plaintiff on demand. Although the contract is expressed to be made with the plaintiff as deputy sheriff, he appears upon the face of it to have a beneficial interest in its performance. Even an agent may maintain an action upon a contract made with him as such, where he has a beneficial interest in its completion, or has incurred even a *prima facie* liability by contracting, unless the principal has obtained or required a completion of the contract with himself personally. By the attachment, the plaintiff acquired a special property in the goods, and became answerable for them, and, therefore, has a manifest interest in the subject matter of the contract. [If the goods had been tortiously taken from his possession, he might undoubtedly have maintained an action of trover or trespass for them ; and if so, there would seem to be no good reason, when they are delivered by him on a special undertaking to be returned, why he should not maintain an action for a breach of the contract. Being ultimately liable for the goods, it is certainly just to allow him, for his own security, to enforce the contract; and we are not aware of any principle or rule of law, which forbids his doing it. Indeed, the contract is, in terms, an express undertaking to the plaintiff, and it grew out of an act which the plaintiff was not bound by law to perform, and which did not, in strictness, result from the powers and duties of his office. The bailment of the goods to the defendants, though lawful, was not an official act, done in the execution of authority derived from the sheriff, and necessarily to be deemed the act of the sheriff. But

RUTLAND,
February,
1828.
_____
Spencer
vs.
Williams et al.

in the case of *Davis* vs. *Miller,* (1 *Verm. Rep.* 9) in *Chittenden* County, Dec. term, 1826, it was decided, that in the common case of bailment by a deputy sheriff of property attached, on an undertaking to return it on demand, though it is not an official act, the sheriff may claim the bailment to have been made by himself through the medium of his servant, and avail himself of the benefit of the contract. According to the decision referred to, the sheriff, in the present case, might have recognized the act of the plaintiff as done on his behalf, and adopted the contract, and thus have been entitled to sue for a breach of it; but if he had the right, he certainly was not bound to do this, and unless he has obtained or required a performance of the contract to himself, there can be no objection to the plaintiff's right to maintain an action upon it.

The evidence, that the goods mentioned in the receipt were not actually attached by the plaintiff, nor delivered by him to the defendants, we think, was properly rejected. In *Jewett* vs. *Torrey,* 11 *Mass.* 219, and also in *Lyman* vs. *Lyman,* 11 *Mass.* 317, and *Bridge* vs. *Wyman,* 14 *Mass.* 190, it was held, that a receiptor cannot allege the want of a sufficient and legal attachment, nor of a delivery to him of the goods, after having acknowledged the same in writing, and in consequence of which the officer has made himself responsible for the goods to the creditor. Of the fitness and justice of this doctrine, as well as of its application to the present case, there can be no question. By the memorandum in writing, the defendants acknowledge the receipt of the goods of the plaintiff as having been attached by him on the writs, and promise to deliver them to him on demand; and it appears, that the plaintiff returned the goods as attached, and thus made himself accountable for them to the creditors. Having incurred this liability on the faith of the receipt, the plaintiff is entitled to the benefit of it for his indemnity; and to allow it to be defeated by the defence set up, would be the grossest injustice to him.

The instrument offered in evidence to shew a release of *Jazariah Barrett,* one of the receiptors, and consequently as a discharge of all of them, was, in our opinion, also properly excluded. It is, no doubt, a well established principle, that a release to one of several joint contractors operates to discharge the others, because the demand is thereby in law satisfied. (*Co. Litt.* 232, *a.*—2 *Salk.* 574.—2 *Saund.* 48, *a.*) But, then, it must be a technical release, under seal, in order to have that effect. (*Rowley* vs. *Stoddard et al.* 7 *Johns. Rep.* 207.—*Fitch* vs. *Sutton,* 5 *East,* 232.) The instrument offered in evidence, in this case, was not under seal; nor was it a formal and absolute discharge of *Barrett.*

RUTLAND,
February,
1828.

Spencer
vs.
Williams et al.

ᵗ⸴ was a mere agreement not to proceed against his body or pro·
perty ; and while it was meant that neither his person nor effects
should be taken to satisfy the demand, and was so far a discharge
of him, it was intended to retain every right and remedy on the
receipt, necessary to enforce satisfaction from the other contrac-
ors. If it could have effect as such, it could certainly amount to
nothing more than an agreement not to sue. Although a cove-
nant not to sue, in general enures as a release, and may be plead-
ed as such, in order to avoid circuity of action, yet a covenant not
to sue within a particular time, or not to sue one of several joint
contractors, will not operate as a release. In *Lacy* vs. *Kynaston*,
1 *Ld. Raym.* 690—12 *Mod.* 552, it is said, that if A. and B. be
jointly and severally bound to C., and C. covenant with A. not
to sue him, that shall not be a release, but a covenant only; be-
cause he covenants not to sue A., but does not covenant not to sue
B.; for the covenant is not a release, in its nature, but only by con-
struction, to avoid circuity of action ; for where he covenants not to
sue one, he still has a remedy, and then it shall be construed as a
covenant and no more. The same principle is laid down in several
other cases, and especially in *Dean* vs. *Newhall*, 8 *T. Rep.* 168.
As the agreement entered into by the the plaintiff, with Barrett,
could in no view have the effect of a release, it was clearly not a-
vailable as a defence to the action.

Judgment affirmed.

*Williams* and *Royce*, for defendants.
*Bates* and *Child*, for plaintiff.

