RUTLAND,
*February,*
1830. IRA SEELY, GEORGE BUCHANAN, HOSEA WILLIAMS, STEPHEN
CALKINS, SENECA HITT, PELEG NICHOLS, and SAVID BARTLETT
*vs.* CHESTER SPENCER.

Where an execution creditor received from several of the debtors a part of the amount
   due on the execution, and agreed to discharge them from any liability for the re-
   mainder of the debt,—it was held, on *audita querela* brought by all the execution
   debtors, to set aside the execution, that the receipt or agreement was not a dis-
   charge of the complainants, and could not avail them as such.

This was an *audita querela,* brought to set aside an execution
issued on a judgement recovered against the plaintiffs by the de-
fendant for the sum of $2043,48.   On the trial of the issue joined
upon the plea of *not guilty,* the plaintiffs offered and gave in ev-
idence a receipt signed by the defendant, acknowledging to have re-
ceived of *Hosea Williams, Stephen Calkins, Seneca Hitt, Peleg
Nichols* and *Savid Bartlett,* the sum of $713,40, to answer on
the execution, and agreeing that they should not be made liable
on that or an alias execution, but the above sum should be to them
a full and complete discharge on the execution.   The plaintiffs
contended, and the county court decided, that the receipt was a
discharge of the persons named in it, and consequently a discharge
of the other judgement debtors, *George Buchanan,* and *Ira Seely,*
on the ground that a release of one joint debtor is a release of all.
The cause was removed into this Court on exceptions filed by the
defendant.

The *plaintiffs' counsel* cited *Tuckerman* vs. *Newhall,* 17 *Mass.*
581 ; *Ward* vs. *Johnson et al.* 13 do. 148 ; *Clayton* vs. *Kynas-
ton,* 2 *Salk.* 573 ; *Sw. Dig.* 301 ; *Cro. Eliz.* 621 ; *Bac. Ab.*
(*Release G.*)

PRENTISS, Ch. J., delivered the opinion of the Court.—It is
well established, that the payment of part of a debt is no satisfac-
tion of the remainder, although the creditor agrees to receive the
sum paid, and gives a receipt, in discharge of the whole demand.
In the case of *Fitch* vs. *Sutton,* 5 *East,* 232, Lord *Ellenborough*
says, " It cannot be pretended that a receipt of part only, though
expressed to be in full of all demands, must have the same operation
as a release : acceptance of a less cannot be a satisfaction in law of
a greater sum due : there must be some consideration for the re-
linquishment of the residue, otherwise the agreement is *nudum
pactum.*"   If, however, upon the faith of such an agreement, a
third person be lured in to pay, or become surety for, a part of the
debt, on the ground that the party will be discharged from the re-
mainder, the agreement will be binding upon the creditor ; but un-

RUTLAND,
February,
1830.

Seely et al.
vs.
Spencer.

less the part payment is made under a general composition agreement, or is paid by a third person, or security given, the receipt of part of a demand, as a discharge of the whole, is no satisfaction of the debt.—(*Steinman* vs. *Magnus*, 11 *East*, 391 ; *Lewis* vs. *Jones*, 4 *Barn. and Cres.* 506.) From evidence of payment of a smaller sum, however, with an acknowledgement by the creditor, that it was in full of all demands, the jury may infer payment of the whole.—(*Henderson* vs. *Moore*, 5 *Cranch*, 11.) If the receipt given in evidence by the plaintiffs in this case, though for a less sum than the debt, had been expressed to be in full satisfaction of the execution, the presumption would have been, that the sum expressed in the receipt was the balance of the execution agreed upon by the parties, and it would have devolved upon the defendant to shew that the whole debt was not paid. But the sum paid was not expressed to be in full satisfaction, but to *answer* on the execution, importing that all was not paid, and rendering it manifest that it was not intended to discharge the whole. The import of the receipt is that the payment, though not in full, should discharge the debtors who made it, and that resort should be had to the other debtors for the residue of the debt.

If the receipt of part of a debt, in discharge of the whole, is not a satisfaction of the debt, it follows, that the agreement in the receipt, in this case, that the several debtors, from whom the part payment is acknowledged to have been received, should not be made further liable, but the sum paid should be to them a full and complete discharge, is not in law a discharge of the plaintiffs, and cannot avail them as such. Indeed, it has been expressly decided, that a payment by one of two joint debtors of a part of the debt, with an agreement not to call on him for the residue, or that he shall be discharged, is no bar to an action against both. In the case of *Harrison* vs. *Close et al.* (2 *John. Rep.* 448,) where the plaintiff agreed with one of two joint and several promisors of a note, that if he would pay a certain part of it, he would not call on him for the payment of the note, but would look to the other promisor for the residue, it was held, that the payment of a part, under the agreement, without a release by deed, was no discharge. And in *Rowley* vs. *Stoddard et al.* (7 *Johns. Rep.* 207.) it was determined, that a receipt in full, given to one of several debtors on his payment of part of the debt, was not a release in law, and could not avail as a discharge of the other debtor. On the authority of these and the English decisions, we held in the case of *Spencer* vs. *Williams et al.*, 2 *Vt. Rep.* 209, decided in this

RUTLAND,
*February,*
1830.

Seely et al.
*vs.*
Spencer.

county in 1828, that though a release to one of several joint contractors operates to discharge the others, it must be a technical release, under seal, in order to have that effect.   If the sum paid upon the execution had been the ratable proportion of the several debtors who paid it, perhaps the agreement that they should be discharged, and be no further liable, might, under the circumstances, be enforced in equity,by enjoining all further proceedings on the execution as against them.

Judgement reversed, and cause remanded
to the county court for a new trial.

*Williams,* for plaintiff.
*Child & Bates,* for defendant.