McAllister, Defendant in Error, v. Dennin *et al.*, Plaintiffs in Error.

1. A release of one of several joint obligors discharges all; to have this effect, however, it must be a technical release under seal.

*Error to St. Louis Court of Common Pleas.*

Roger C. McAllister and Thomas O'Flaherty, partners, obtained a judgment against John Lowrie, Patrick Dennin, and David E. Rees, for the sum of $2100.94. On the 23d of

December, 1856, McAllister, acting for himself and as the administrator of his deceased partner O'Flaherty, executed in favor of John Lowrie the following instrument: "Received, St. Louis, December 23, 1856, from John Lowrie, five hundred dollars, which is in full of all demands now existing against him and in our favor, and especially in full satisfaction of, and we do hereby fully and absolutely release said John Lowrie from, all liability whatsoever, either as debt, damages or costs, by virtue of a certain judgment rendered by the St. Louis court of common pleas in a certain cause wherein we, the undersigned, Roger C. McAllister and Thomas O'Flaherty are plaintiffs, and Patrick Dennin, David E. Rees and said John Lowrie are defendants, on the 21st day of March, A. D. 1850, for $2100.94, the said cause being numbered 41 to the September term, 1849, " Returns ;" and it is especially understood and agreed upon that this receipt and release is not to work a release of any of the other defendants in said cause, but only the said John Lowrie. The writer would merely state that McAllister and O'Flaherty obtained a judgment several years since, in the St. Louis court of common pleas, against John Lowrie, David E. Rees and Patrick Dennin for balance due by steamer Belmont and owners. We have no other judgment against John Lowrie ; and for the sum of five hundred dollars we hereby release the said John Lowrie from all claim, liability or demand for the said judgment (but not any of the others) and in full of all and every claim and demand up to the present date against the said John Lowrie. [Signed] Roger C. McAllister, and R. C. McAllister, administrator of the estate of Thomas O'Flaherty, deceased."

Dennin and Rees moved the court to enter satisfaction of the judgment above mentioned. This was made upon the above instrument. The court overruled the motion.

*H. N. Hart*, for plaintiffs in error.

*Hudson & Thomas*, for defendant in error.

I. A release without consideration and not under seal is

void. (Seymour v. Minturn, 17 Johns. 169; Jackson v. Stackhouse, 1 Cow. 122.) The debtor only paid a part of a judgment, the whole of which he was liable for. A release not under seal of one of several covenants will not discharge the co-covenanters. (9 Wend. 336; Seely v. Spencer, 3 Verm. 334; Rowley v. Stoddard, 7 Johns. 207; Shotwell v. Miller, Coxe, 81; Andrews v. Andrews, 1 Root, 72.) Even a technical release will be construed according to the intention of the parties, and will not operate as a release unless that intention appears from the face of the instrument. (7 Com. Dig. 222, tit. Release; 6 Bac. Abr. 635.)

RICHARDSON, Judge, delivered the opinion of the court.

The receipt on which the motion was grounded shows that only five hundred dollars, less than one-third of the amount of the judgment, has been paid, and that the defendants did not intend to release the residue of the judgment. The question then is, whether this instrument of writing without a seal operates as an extinguishment of the whole judgment, against the manifest intention of the parties to it and in the face of the fact that only a portion of the debt has been paid, and that too by neither of the plaintiffs.

It is an undoubted rule of law that a release to one of several obligors discharges the others; but an instrument of writing that has this effect, and that can be taken advantage of by the others as a discharge, must be a technical release under seal. (Rowley v. Stoddard, 7 John. 267; Seymour v. Minturn, 17 Johns. 170; Jackson v. Stackhouse, 1 Cow. 122; Dozing v. Bailey, 9 Wend. 336; Seely et al. v. Spencer, 3 Verm. 334; Baily v. Day, 26 Maine, 88; Shaw v. Pratt, 22 Pick. 305; Gibson v. Weier, 1 J. J. Marsh. 446.) The principle is too well established to be debatable, and it is unnecessary to discuss the reason on which it is founded or to review the authorities that support it.

The judgment is affirmed; the other judges concurring.