## John Bates v. Garrett Stansell.

*Trover: Measure of Damages.* A refusal to deliver, on demand, property "received in store" at bailor's risk, "to be paid when called for," is a conversion of the property, the measure of damages for which will be the value of the property on the day of the demand. A subsequent rise in value cannot be allowed to enhance the damages.

*Heard and decided, July 8.*

Case made from Cass Circuit.

This was an action of trover. The Court found the following facts:

The plaintiff delivered to the defendant at his mill, near Pokagon, in said county of Cass, several loads of white wheat, number one in quality, amounting in the whole to one hundred and forty-one bushels and thirty-six pounds, in the month of January, 1865, in pursuance of previous arrangement, and took from the defendant a receipt therefor, dated on the 7th of that month. The following is a copy of the receipt:

"Received of John Bates in store, at his own risk, one hundred and forty-one bushels and thirty-six pounds of white wheat, to be paid when called for.

"Pokagon, January 7, 1865.      G. STANSELL."

The price at Pokagon, when the wheat was delivered, of best quality, was $2.15 per bushel. The plaintiff's wheat was worth that price. The wheat was left by the plaintiff, as is above stated, in store, and was not sold. The storage was two cents per bushel. On the 17th of March, 1865, the plaintiff went to the mill of the defendant, where he had delivered the wheat, and there demanded of the defendant, in person, the wheat, to which demand the defendant replied he would deliver him wheat of as good quality as that he had received. In a few days the plaintiff again called for the wheat, when the defendant refused to deliver it, but offered to pay him $1.65 per bushel. He made no tender of the money. The price of wheat now in the market, and

before suit was brought, was from $2.50 to $3.00. The price before trial had been as high as $3.10. The inferences of law from the above facts are these:

I. The contract on which the wheat was delivered to the defendant, was one of bailment merely, and was not one of sale.

II. The defendant having converted the wheat to his own use, is liable to pay for the same at the rate of $2.25 per bushel, together with interest thereon from the time of demand, viz., 17th March, 1865. The plaintiff is entitled to judgment for the sum of $360.38. This is made up as follows:

| | |
|---|---:|
| Wheat, 141 36-60 bushels, at $2.25, . . . . | $318 60 |
| Interest, two years, . . . . . . . . . . . | 44 60 |
| | $363 20 |
| Deduct storage, 2 cents per bushel, . . . . | 2 82 |
| | $360 38 |

The price of the storage was not mentioned, nor fixed, until the day when the plaintiff demanded the wheat, when it was agreed on at two cents per bushel. On the day of the demand, wheat was worth one dollar and eighty cents per bushel."

*Wm. Jennison & F. Muzzy*, for plaintiff.

*Blackman*, for defendant.

THE COURT held that the conversion of the wheat took place upon the day of the demand,—March 17, 1865—and made a new judgment for the plaintiff, allowing but $1.80 per bushel for the wheat.