## Jonathan Chadwick v. Abram G. Butler and another.

*Charge to the jury : Evidence: Contracts.* A charge to the jury which assumes that all the evidence tends to prove the same contract is erroneous where the testimony of the different witnesses varies so much as to what the agreement was as to tend to prove three distinct contracts.

*Contracts: Delivery: Charge to the jury.* An agreement to deliver on notice given at a time agreed upon, is not the same as an agreement to deliver at such indefinite time as should be reasonable under the circumstances; and a charge to the jury that assumes the contrary is erroneous.

*Charge to the jury: Hypothesis: Evidence.* A charge to the jury based upon a hypothesis which is not supported by any evidence is erroneous.

*Contracts: Delivery: Notice.* Under a contract to sell and deliver wool, where the delivery is to be upon notice from the purchaser, such notice is essential to a recovery.

*Contracts: Delivery: Reasonable time: Demand.* Under a contract made on July 20th to sell and deliver wool in "a reasonable time, viz: within two weeks," a demand made on August 12th is sufficient.

*Sales: Delivery: Demand: Measure of damages.* Under a contract of sale providing for a delivery within a reasonable time a ruling that the purchaser is entitled to recover of vendor on default the highest market price between the date of the purchase and the date of the demand is erroneous; the price at any time before the delivery should have been made was immaterial, as the vendor was not then in default.

There is no general rule that would allow the purchaser under such a contract to recover the highest price between the demand and the commencement of suit; the proper measure of damages, in the absence of special circumstances, is such a sum as at the time of the demand and refusal would have enabled the vendee to purchase other property of the like kind and of equal value at the same place.

*Heard October 29. Decided November 5.*

Error to Eaton Circuit.

Defendants in error sued plaintiff in error in justice's court. The declaration was in writing, as follows:

"Plaintiffs complain of defendant for that said defend-

.ant heretofore, to-wit: On the 20th day of July, A. D. 1865, agreed to and with the plaintiffs to sell them his ·crop of wool, estimated at 450 pounds, but in fact amounting to a much greater amount, viz.: 596 pounds, for the sum of fifty-five cents per pound, and the plaintiffs then and there agreed to and with said defendant to purchase said ·wool and pay therefor the sum of fifty-five cents per pound for his entire crop of wool, to be delivered at the village ·of Eaton Rapids, in a reasonable time, to-wit: within two weeks of said purchase, and the said plaintiffs, in consideration of the said purchase, paid to said defendant the sum of twenty dollars; yet the said defendant, well knowing his agreement, did not, nor would, deliver said wool, or .any part thereof, to said plaintiffs, though said plaintiffs were ready to receive said wool, and pay therefor said sum aforesaid. And afterwards the said plaintiffs requested the ·said defendant to deliver said wool to the plaintiffs in pursuance of his said contract, but so to do he has and still does refuse, though often requested so to do, and afterwards he, the defendant, sold said wool to the great damage of said plaintiffs, to-wit: in the sum of ninety-nine ·dollars, and therefore this suit."

The cause was taken by appeal to the circuit court, where it was tried by jury. The court instructed the jury .as follows:

"1. That the proofs adduced on the trial of said cause showed a contract within the allegations of the plaintiffs' declaration.

"2. That if the jury find that the contract was as ·stated by the defendant, that the wool was to be delivered on notice, the contract was within the allegations of. the plaintiffs' declaration.

"3. That if the jury find that the plaintiffs had a particular object in the purchase, and that was disclosed to the defendant. at the time of the purchase, and by reason ·of the non-delivery of the wool that object was defeated, then the plaintiffs were entitled to recover such damages as

they had sustained in consequence of the failure of the defendant.

"4. That something· has been said in the case about the plaintiffs not having notified the defendant to deliver the wool; it was within the power of the defendant to offer to deliver the wool and demand the price. If he was not notified to deliver, he could not declare the contract at an end.

"5. That the demand made by the plaintiffs' agent on the 12th day of August, A. D. 1865, was within a reasonable time.

"6. That if the plaintiffs were entitled to recover, they were entitled to the highest market price between the date of the purchase and the date of the demand."

The defendant excepted to these rulings; and verdict and judgment having passed against him, he brought error.

*Crane & Montgomery*, for plaintiff in error.

*Henry A. Shaw*, for defendants in error.

COOLEY, J.

The questions in this case mostly arise upon the several instructions given to ·the jury.

The first was erroneous, because it assumed that all the evidence tended to prove the same contract, and that that was the contract declared upon. Three witnesses testified to their understanding of the agreement: one, that the wool was to be delivered at· the convenience of defendant; another, that the delivery was to be within two weeks; while defendant testified that plaintiffs' agent, on the Friday or Saturday of the week when the bargain was made, was to notify him when delivery should take place. The court could not assume that the jury would believe one of the witnesses rather than another, and the contract, as testified to by defendant, was clearly not such as had been counted upon.

The second was erroneous. It assumed that an agreement to deliver on notice given at a time agreed upon, was the same as an agreement to deliver at such indefinite time as should be reasonable under the circumstances.

The third would have been proper enough had there been any evidence in the case to base it upon; but we find none. It was not shown that any purpose the plaintiffs might have had as to marketing or making use of the wool was communicated to defendant.

The fourth was erroneous for the same reason as the first. If the contract was as defendant states it, notice to deliver was essential.

The fifth was correct if the contract declared upon was found established by the evidence.

The sixth was erroneous. The plaintiffs, if entitled to recover at all, were entitled to the value at the time when delivery should have been made; but on what theory defendant could have been held responsible for the price at any prior time, when defendant was in no default for failure to deliver, we are unable to perceive. A vendor cannot be supposed to undertake that the goods he sells shall not depreciate in value before they are called for.

The plaintiffs seem to have claimed that they were entitled to recover the highest market value between the time of the purchase and the time of bringing suit, and they were allowed to give some evidence on that theory. This was clearly wrong in going back of any default on the part of defendant, as already shown. But had they confined their questions to the time between the demand and the commencement of suit, there is no general rule that would entitle them to the recovery they claimed. A party's right of recovery must be deemed fixed at some time, and he cannot wait for an indefinite period and speculate upon the changes in the market while taking upon himself none of the risks of decline. This would put him in a better position than if he had the property in possession; for then, if he would realize upon it, he must

select a particular time for making sale, and accept the price at that time; while under the rule relied upon he may have the highest price for a series of years by simply postponing the bringing of suit.

No general rule can do exact justice in all cases of failure to deliver property on demand to the party entitled, but a recovery which, at the time of the demand and refusal, would have enabled the party to purchase other property of the like kind and of equal value at the same place, is, in the absence of special circumstances, as nearly just as any the law can provide for.—*Bates v. Stansell, 19 Mich., 91.*

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.