## William Burk v. Myron Webb.

*Trover: Receiptor: Declaration: Demand.* In trover against one who has receipted to the sheriff for property taken on an execution, for the conversion of the property receipted for, it is unnecessary to allege in the declaration that the execution was in full force and effect when the demand for the property was made.

*Receiptor: Mistake in receipt: Identity of property.* A mistake in a receipt to the sheriff for a growing crop of wheat seized on execution, in the name of the township where the farm lay on which the wheat was growing, will not avail the receiptor as a defense to an action of trover for failure to deliver the property on demand, where the wheat actually levied upon is fully identified as the wheat receipted for, and so intended by the parties.

*Receipts to sheriff for property taken on execution.* Such receipts are not required to set forth in detail, or describe minutely and with particularity, the parties, court and other facts appearing in full upon the execution, or to describe every thing with full and technical accuracy.

*Receiptor: Mistake in receipt: Title of cause: Identity of property.* Where a receipt for wheat taken on an execution in favor of the First National Bank of Ann Arbor sets out the name of the plaintiff as the First National Bank simply, the variance is held not fatal in such trover suit,

BURK *v.* WEBB.

where it is found as a fact that the wheat in question was levied upon by virtue of this execution, and that in order to prevent a sale of the wheat under it the receipt in question was given; this finding sufficiently indicates that the receipt was given in the same case in which the execution issued.

*Receiptor: Estoppel: Regularity of judgment: Denying possession.* A receiptor to the sheriff for property on which the latter has actually levied an execution, the levy having been actually endorsed on the writ, is estopped, where, upon the strength of such receipt, the sheriff has relinquished his rights in the property, from questioning the regularity of the judgment on which the execution issued, or from denying that he had received the possession acknowledged by the receipt.

*Trover: Measure of damages.* Ordinarily in trover the value of the property at the time of the conversion, with interest thereon from that date, is the proper measure of damages; and where property is received to be returned on demand, the damages should be the value at the time the demand was made; if, however, the plaintiff has only a special property, subject to which the defendant is entitled to the goods, and can be indemnified by a sum less than the full value, that sum is the measure of damages; but if he is responsible over to a third person, or if the defendant is not entitled to the residue of the value, then the plaintiff is entitled to the whole value.

*Receiptor: Trover: Replevin: Wrong-doer.* Whether or not a receiptor has sufficient interest in the property to enable him, as against a wrong-doer, to maintain either trover or replevin:—*Quære?*

*Trover: Sheriff: Receiptor: Measure of damages.* In trover against a receiptor who has given the receipt as the debtor's friend, and by his procurement, and to enable him to remain in actual possession, the sheriff cannot recover to exceed the amount due on his execution, nor to exceed the value of the property.

*Findings of fact: Construction: Special verdict.* Special findings of fact are to be considered as in the nature of a special verdict, and are to be construed by the same rules; nothing can be inferred, supplied or added.

*Finding of facts: Trover: Receiptor: Value of property: Measure of damages.* A finding of facts in such trover suit which in no way states or intimates the value of the property receipted for, but indicates that the damages were determined solely on the basis of the amount due on the execution, is defective.

*Trover: Receiptor: Value of property: Contract: Amount due on the execution.* A recovery in trover beyond the value of the property would not be warranted because of a provision in the receipt to the sheriff by virtue of which the defendant obtained possession, that he was either to deliver up the property on demand, or to pay the amount due on the execution.

*Sheriff: Collecting executions: Compensation: Public policy.* A sheriff cannot make a valid agreement with an execution debtor, or with his receiptor, for any additional compensation over and above that fixed by law for collecting executions; this would be contrary to public policy.

*Trover: Receiptor: Demand: Life-time of execution.* It is not essential to a recovery in such trover suit, where the statutes authorize the officer who has begun the service of an execution on or before the return day to complete the service and return thereof after such return day, that the sheriff should make his demand of the receiptor for the property within the life-time of his execution.

*Submitted on briefs April 30.     Decided June 8.*

Error to Washtenaw Circuit.

BURK *v.* WEBB.

*R. Beahan* and *Frazer & Hamilton,* for plaintiff in error.

*O. Hawkins,* for defendant in error.

MARSTON, J:

It appears from the record in this case, that on the 14th day of August, 1872, an execution was issued out of the circuit court of Washtenaw county, upon a judgment then in full force and unpaid, in favor of the First National Bank of Ann Arbor, against one Thomas O'Brien; that Webb was sheriff of said county, and by virtue of said writ he levied upon all the wheat then growing on the farm of O'Brien, in the township of Webster, in said county, but that in entering or endorsing his levy, he described the farm upon which the wheat was growing, as being in the township of Northfield; that after the wheat was harvested, O'Brien, in order to prevent the sheriff from taking possession of and selling it to satisfy his writ, procured Burk to execute and deliver to the sheriff a contract or receipt, as follows:

"STATE OF MICHIGAN, ╲
    COUNTY OF WASHTENAW, ╱ ss.

"In the circuit court for the county of Washtenaw. The First National Bank *v.* Thomas O'Brien. Received of Myron Webb, sheriff for the county of Washtenaw, the following property, seized and levied upon by virtue of one writ of execution, issued out of and under the seal of the circuit court for the county of Washtenaw, directed to said sheriff, and against the goods, chattels, lands and tenements of Thomas O'Brien, defendant in the above entitled cause, to wit: All the wheat that is in the bundle and now about being harvested, which wheat includes all the wheat grown and harvested on his farm in the town of Northfield, this year, to-wit: 1873. Which above described wheat I agree to deliver to said sheriff when called for or demanded, or pay to said sheriff the amount of said execution, both damages,

costs, and trouble said sheriff may be put to in collecting the same.

"Dated July 28, 1873.

"(Signed)        WM. BURK."

Subsequently to the execution of this contract the sheriff demanded from Burk the delivery of the wheat, who replied that the wheat was sold, and that there was no wheat to deliver. The sheriff afterwards demanded payment according to the contract, which was refused. He then brought an action of trover against Burk for the wrongful conversion of the wheat. The declaration was in the usual form in trover, and claimed damages five hundred dollars. The court found in favor of the sheriff for "the balance due and unpaid of the original judgment, including interest to this date, with sheriff's fees—two hundred and twenty-three dollars and fourteen cents. For his time and trouble in and about this suit, ten days—thirty dollars. Total damages, two hundred and fifty-three dollars and fourteen cents, together with his costs of this suit to be taxed," and judgment was rendered accordingly. The case is brought here by writ of error upon exceptions to the special finding and conclusion of the court.

It is assigned as error: *First,* that the declaration does not allege the execution to be in full force and effect at the time the demand was made. We do not consider it necessary to make such allegation in the declaration; that was properly left to be shown upon the trial, and no objection was made to the evidence upon this point at the trial.

*Second,* That the wheat mentioned in the receipt is not the same wheat levied upon, on account of the mistake, as found by the court, in the name of the township. There is no question whatever but that the wheat actually levied upon was the wheat receipted for, and so intended by all the parties. A mistake in describing O'Brien's farm, where the wheat was growing, which did not and could not mislead the parties, would not avail the receiptor, and could not be taken advantage of by him upon the trial.

BURK v. WEBB.

*Third*, It appears from the finding that the judgment and execution were in favor of the First National Bank of Ann Arbor, while in the receipt the name of the plaintiff is given as the First National Bank, and it is claimed this variance is fatal, the court not having found that the receipt was given in the case upon which the execution issued. The court does find that the wheat in question was levied upon by virtue of this execution, and that in order to prevent a sale of the wheat under the execution the receipt in question was given; we think it sufficiently appears, therefore, from the finding, that the receipt was given in the same case. It is not necessary that such receipts should set forth in detail, or describe minutely and with particularity, the parties, court and other facts appearing in full upon the execution; such instruments are not usually drawn up by persons likely to insert and describe everything with full and technical accuracy. To insist upon such particularity would only defeat the evident intention of the parties, and would benefit no one. The receipt in this case was, we think, sufficiently specific in this respect, and in cases of doubt evidence could be introduced on the trial.

*Fourth*, That the court erred in finding as a conclusion of law that Burk, the receiptor, was estopped from questioning the regularity of the judgment upon which the execution issued and the wheat was seized, and also from denying that he had received possession of the wheat. The court finds that a judgment was duly recovered against O'Brien in favor of the bank, which at the time of issuing the writ was, and remained at the time of the trial, in full force and virtue; that the sheriff had levied upon the execution debtor's interest in the property in question, and that this receipt was given to secure its release. This paper given by Burk to the sheriff acknowledges that he (Burk) had received from the sheriff the property levied upon, and he agrees to deliver the property to the sheriff when called for or demanded.

The sheriff had, therefore, actually levied upon this prop-

erty and endorsed the levy upon his execution. He had thus made himself liable to the plaintiff in that suit to the value thereof, not exceeding, however, the amount of his execution. He might have satisfied his execution from the sale of the property; he had at all events a right to make the attempt. Upon the strength of this receipt he relinquishes for the time being this right, and delivers over to the receiptor his possession of the wheat levied upon. Burk cannot now allege the want of a sufficient legal execution or judgment, any more than could the sheriff, after he had collected the moneys upon the execution, refuse to pay them over to the plaintiff because of some irregularity in the judgment. The validity of the judgment, Burk cannot question. Nor can he deny a delivery to him of the wheat, after having acknowledged the same in writing, and in consequence of which the officer had in any way waived any of his rights, or made himself responsible to the execution creditor. Whether Burk received an actual manual possession of the wheat or not, is wholly immaterial; he obtained control over it with the consent of the sheriff and execution debtor, who was the general owner of the property, and he cannot now be permitted to place the sheriff in any worse position than at the time the receipt was given. It was his duty to deliver up the property upon demand, as he had agreed to do; failing in this, he became liable on his contract. The sheriff was entitled to the full benefit and protection of his receipt, and Burk could not defeat it in this way. There may be cases where the receiptor may defend in an action brought by the officer, but this is not one of them.—*Spencer v. Williams et al.*, 2 Vt., 212; *Jewett v. Torrey*, 11 Mass., 219; *Lyman v. Lyman*, 11 Mass., 317; *Bridge v. Wyman*, 14 Mass., 190; *Dezell v. Odell*, 3 Hill, 215; *Cornell v. Dakin*, 38 N. Y., 257; *People v. Reeder*, 25 N. Y., 302; *Sinclair v. Murphy*, 14 Mich., 396; *Truesdail v. Ward*, 24 Mich., 134; *Bullard v. Hascall*, 25 Mich., 135.

*Fifth*, That the court erred in permitting the sheriff to recover the balance remaining unpaid upon the original judg-

ment, it not appearing, and the court not having found the value of the wheat seized and converted by the defendant to be at least equal to the amount of the judgment thus rendered.

Ordinarily in trover the value of the property at the time of the conversion, with interest thereon from that date, is the proper measure of damages.—*Ripley v. Davis, 15 Mich., 75.* And where property is received to be returned on demand, the damages should be the value at the time the demand was made.—*Bates v. Stansell, 19 Mich., 91.* If, however, the plaintiff can be indemnified by a sum of money less than the full value of the property, as where he has only a special property, subject to which the defendant is entitled to the goods, that sum is the measure of damages. If, however, he is responsible over to a third person, or if the defendant is not entitled to the balance of the value, then the plaintiff is entitled to the whole value.—*Chamberlin v. Shaw, 18 Pick., 278, 283–4.*

There is a conflict among the authorities as to the rights and liabilities of a receiptor; some holding that he is the mere agent or servant of the sheriff, without having any special interest or rights in the property whatever, and that he could not maintain trover or replevin against a wrong-doer for its value; while others hold that he has a sufficient interest in the property to enable him as against a wrong-doer to maintain either of these actions.—See *Miller v. Adsit, 16 Wend., 335,* where the authorities are collected and reviewed. The decision of this case does not require us to discuss at length this question; we are strongly of opinion, however, that the latter is the correct doctrine.—See *Cullen v. O'Hara, 4 Mich., 132; Parkhurst v. Jacobs, 17 Mich., 302.*

In this case the court finds that the execution debtor, in order to prevent the sheriff from taking the wheat into his possession and selling it to satisfy the execution, procured and caused Burk to execute this receipt to the sheriff. Now, without attempting to say what the rights of a receiptor may

be (as between himself and the sheriff) where the sheriff has taken actual possession of the property and delivered such possession to a third party to retain for him, without the consent of the execution debtor thereto, we are of opinion that in this case the sheriff could not recover to exceed the amount due upon his execution, nor could he recover that amount, unless the property receipted for was of equal or greater value. The receiptor was in this case the debtor's friend. The receipt was given by the procurement of the execution debtor, and to enable him to remain in the actual possession of the property until the sheriff should afterwards demand possession. Had the sheriff permitted the property to remain in possession of the execution debtor, and taken his receipt therefor, in an action of trover afterwards for its conversion he could not recover to exceed the amount due upon his execution, and we think he stands in no better position in this case.—*Browning v. Hanford, 5 Hill, 596; Burrall v. Acker, 23 Wend., 606.*

Did, then, the finding of facts in this case warrant the court in rendering judgment in favor of the sheriff for the balance remaining unpaid upon the original judgment? While we are not at liberty to take any thing by inference, or make intendments against the judgment, but are bound to make all reasonable intendments to uphold it *(Peabody v. McAvoy, 23 Mich., 526)*, yet the finding of facts is to be considered as in the nature of a special verdict, and the rules applicable in considering special verdicts are to be applied here.—*Circuit Court Rule 90; Wood v. LaRue, 9 Mich., 160; Trudo v. Anderson, 10 Mich., 365.* We can therefore add nothing to this finding; we can only draw the legal conclusions from the facts found; we can infer nothing, can supply nothing.— *People v. Wells, 8 Mich., 107.* If either party considers the finding not sufficiently full or definite, on facts or law, or both, *Circuit Court Rule 87* prescribes the method of correcting it.

When we come to examine the finding in this case, it nowhere states or intimates in any way the value of the

wheat. The amount of the judgment rendered is in no way fixed or determined by the value of the wheat, but solely by the amount due upon the judgment in the original cause, and the amount added thereto according to the terms of the receipt. It is very evident that applying such a measure of damages might in many cases, whether it did in this case or not, far exceed the value of the property receipted for; and unless we can presume the value of the wheat to be equal to the judgment in this case, else the judgment would not have been rendered, the finding must be considered as defective. To do this, however, would be to make the judgment sustain the finding, and not the finding the judgment. The result of such reasoning would be to reverse the order of things and to sustain the judgment in any instance, no matter how defective the finding. Looking at the finding alone, the very best we can say is, that the plaintiff is entitled to recover the amount due upon the original judgment, provided the property receipted for by the defendant was of equal value.

It is said, however, by counsel for defendant in error, that by the terms of the receipt the court was justified in rendering the judgment in this case. This undoubtedly was the view of the court below, as the court found that "the legal effect of said contract was to bring the said defendant Burk, to either deliver the wheat to said sheriff when demanded, or to pay the amount then due upon the writ for damages, interest and costs, including the legal fees of the sheriff for levying and collecting the whole amount of the judgment, and that, having failed to do either, according to the terms and conditions of said contract, the said plaintiff, as sheriff, as aforesaid, is entitled to recover of and from the said defendant in this suit the said several sums of money above specified." The action was not, however, brought upon this contract, but was an action of trover for an unlawful conversion of the wheat, and while the contract would in this form of action be admissible for the purpose of showing the right of the sheriff to recover at all, and might limit the amount

of his recovery to less than the full value of the wheat, as showing that he had only a special interest therein, it could not, in this form of action, increase or create a new measure of damages exceeding the value of the wheat at the time of its conversion, with interest thereon from that date. Had the action been upon the contract, the value of the property would have been immaterial, as by its terms Burk agreed to pay the amount of the execution, and this with a full knowledge of the property seized, and irrespective of its value. —*Cornell v. Dakin, 38 N. Y., 257.*

We think the court also erred in allowing the sheriff "for his time and trouble in and about this suit, ten days,— thirty dollars." Whether any part of this amount would be properly recoverable in the costs of suit to be taxed, we do not know. Usually the taxable costs include all that the plaintiff is entitled to recover, and for the reasons already stated this amount could not be recovered in this case; and we are not prepared to say that such a claim could be recovered in any form of action. The law fixes the sheriff's compensation for collecting on executions, and we think the sheriff could not make a valid agreement with the execution debtor, or with the receiptor in this case, who stood in the same position as the execution debtor, for any additional compensation. It is contrary to the policy of the law to permit such agreements, and they might be made conducive of much hardship to debtors.—See § *7674, 2 C. L.*

It is also claimed by plaintiff in error, that the sheriff not having made a demand within the life-time of his execution, he could not recover. This position we think is not tenable. The cases cited from New York were based upon a statute similar to our statute relating to justice's court executions, prohibiting a levy or sale of any property upon execution after the time limited therein for its return.—*2 C. L.* § *5424.* There are also cases where the property seized upon attachment was receipted for, and where it was held the officer could not recover when the attachment proceedings had been permitted to expire. In such a case the offi-

cer would not be liable to the plaintiff. Our statute, however, relating to judgments and executions in courts of record, where the officer has begun the service on or before the return day, authorizes him to complete the service and return thereof, after such return day.—*2 C. L.* § *6111.*

For the reasons assigned the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.