## Willard J. Bowen v. Jason T. Culp.

*Executions: Receiptors: Joint liability: Non-joinder: Plea in abatement.* In an action against one of three receiptors upon a receipt given to an officer for goods he had seized upon executions, and conditioned for a delivery of the goods to the officer on demand or in default thereof to pay the executions, an objection that the receipt was improperly admitted under the declaration as evidence of a contract with defendant, is held not well taken, where the declaration did not disclose a joint liability and the defendant failed to plead the non-joinder in abatement.

*Receiptors: Offer to turn out the property: Executions: Return day: Sales.* An offer to turn out the property after the return day of the executions, and the refusal of the officer then to accept the same, is no defense to an action on the receipt; as the officer under the statute (*Comp. L. 1871,* §§ *5424-5*) could not sell the property after the return day of the executions, he very properly refused to receive it then.

*Receiptors: Demand: Officer: Authorized person.* A demand made by any other person properly authorized by the officer to make it, would have the same force as a demand by the officer in person, to fix the liability of the receiptor in case of his failure to comply with it.

*Receiptor: Promise to pay executions: Statute of frauds: Evidence: Charge to the jury.* The reply of the receiptor to a demand for the return of the goods for which he receipted, that he would pay up the executions, was admissible in evidence to show under which clause of the receipt he chose to be bound; and where no recovery was sought or claim based upon such oral promise alone, it was not error that the court declined to instruct the jury that such oral promise was void under the statute of frauds.

*Heard April 3.   Decided April 17.*

Error to Branch Circuit.

*Loveridge & Barlow,* for plaintiff in error.

*John B. Shipman,* for defendant in error.

MARSTON, J:

In February, 1875, Stephen Buhrer recovered two judgments in justice's court against Mary E. Elliott, upon which executions were issued and delivered to Gilcrest, who, by virtue thereof, levied upon a quantity of liquors then the property of the defendant in said suits. On the day of the levy a receipt was given the officer for the property seized, signed by Mary E. Elliott and Bowen and McGowan, conditioned to deliver it to the officer on demand or in default thereof to pay him the damages, costs and fees in the executions. The action in this case was brought against Bowen upon this receipt, alleging that a demand had been made upon Bowen for the property, and his refusal to deliver the same, whereby he became liable to pay the amount of the executions. The plaintiff recovered a judgment, which defendant now seeks to have reversed and a new trial granted.

It is first objected that the receipt was improperly admitted under the declaration as evidence of a contract with Bowen.

The declaration did not disclose a joint liability, and plaintiff in error did not plead the non-joinder in abatement. This objection, therefore, was not well taken.—*Ballou v. Hill, 25 Mich., 205.* It was next urged that plaintiff in error offered to turn out the property on which the executions were levied after the return day of the executions. Under *sections 5424 and 5425, 2 Comp. L., p. 1602,* the officer could not sell this property after the return day of his executions; he very properly, therefore, refused to receive it after the return day.—*Burk v. Webb, 32 Mich., 182.*

It is next claimed that the officer did not demand the property, and no demand having been made, defendant was not liable. There is no question but that a demand was made in time by Mrs. Elliott's attorney, who was authorized by the officer to make it. We cannot agree with the position taken by counsel for plaintiff in error that no one

36 MICH.—29.

BOWEN v. CULP.

but the officer in person could make the demand. The officer, or any person properly authorized by him, had a right to demand the goods, and a failure to comply with such demand would render the receiptor liable. At the time this demand was made, Bowen declined to deliver the goods, expressing a desire to retain them for another purpose. He added that he would fix up the executions and pay them, and it is urged that this was a verbal promise to pay the executions and was void under the statute of frauds, and that the jury should have been so instructed. There are several answers to this. No right to recover was based or claimed upon such statements. The evidence was admissible as a part of the conversation which took place at the time demand was made for the property. It was optional with Bowen to deliver the property or pay the executions. A demand having been made, his reply thereto that he would pay the executions was admissible to show under which clause of the receipt he had concluded to be bound. The charge upon this part of the case was sufficiently guarded, and as we discover no error, the judgment must be affirmed, with costs.

The other Justices concurred.