## DUDLEY *v.* LAMOILLE CO. NAT. BANK.

*(Circuit Court, D. Vermont.* November 7, 1882.)

**ATTACHMENT MAINTAINED THROUGH RECEIPTOR.**

A deputy sheriff can maintain an attachment of personal property on the farm of an attachment debtor who does not reside upon it, through a receiptor who obtains the record title to the farm, for the purpose of keeping such property there, and the direction and control of the agents of the debtor in charge of the farm for him, one of whom was placed in chief control after the attachment was made.

*Aldace F. Walker* and *William H. Dickinson,* for plaintiff.

*Philip K. Gleed* and *Daniel Roberts,* for defendant.

WHEELER, D. J. The principal and controlling question in this case is whether the plaintiff, as deputy sheriff, could maintain an attachment of horses on the farm of the owner who did not reside upon it, through a receiptor who obtained the record title to the farm for the purpose of keeping the horses there, and the direction and control of

the agents of the owner, in charge of the farm, for him, one of whom was hired and placed in chief control after the attachment was made. There is no question of fraud in law arising out of possession by the vendor of personal property after a sale. On that question the law of Vermont is peculiar, and raises a conclusive presumption of fraud, as against creditors of the vendor, out of such possession. But as to an attachment of personal property on mesne process the law of Vermont appears to be the same as that of other states where such attachments are had. The property must be taken into the custody of the officer making the attachment, to the exclusion of the defendant in the writ of attachment. The custody of the officer may be had through the agency of others acting under him. It may be maintained on the premises of the person whose property is attached, by having his consent, without any other title to the real estate; and the acquisition of the title to the real estate will not bring with it the custody of personal property of a former owner remaining there without further taking possession of it. *Flanagan* v. *Wood*, 33 Vt. 332. The possession of the defendant in the attachment must in some way be excluded, and that of the officer in some way be taken. In this case the actual possession of the defendant in the attachment would not have to be excluded from the farm, for he was not there at the time in question, and did not reside there. His control was only that of his agents; when that was changed his possession was changed. This was probably sufficient, even while the agents remained the same as when the attachment was made. *Shephard* v. *Butterfield*, 4 Cush. 425; *Slate* v. *Barker*, 26 Vt. 647. But in this case the person in chief control of the premises came in after the attachment; and came in subject to the receiptor's control as to the custody of the horses. He never was the servant or agent of the attachment debtor as to the possession of horses. His control of them was always the receiptor's control; he had never any custody for the attachment debtor to be changed to custody for the receiptor. He thus became the keeper for the officer of the horses, and his custody as such would make the attachment good, even if the right to the real estate had remained wholly in the debtor. *Newton* v. *Adams*, 4 Vt. 437; *Baldwin* v. *Jackson*, 12 Mass. 131; *Train* v. *Wellington*, Id. 495. This case is distinguishable from *Flanagan* v. *Wood*, 33 Vt. 332, much relied upon by the defendant, in two important particulars, although it is very much like that case in many other respects. These particulars are that there the debtor was in possession of the premises himself at the time of the attachment, and so continued afterwards, while

here he was not; and that there the same servant of the debtor remained there with him after the attachment, while here there was a new agent, which would indicate a change even to an observer, and put all those having occasion to know upon inquiry.

The motion for a new trial is overruled, and judgment is to be entered on the verdict.