McCAMBRIDGE *v.* CROSBY TRANSPORTATION CO.

1. TRIAL—FINDINGS TO BE TREATED AS SPECIAL VERDICT.

In a case tried before the court without a jury the findings of fact are analogous to and are to be treated as a special verdict.

2. SAME—CONTRACT OF HIRING—BREACH—FINDINGS SUFFICIENT TO SUPPORT JUDGMENT.

In an action for damages for the breach of a contract of hiring, findings by the court that defendant contracted for plaintiff's services for the following season as master of its steamship, that afterwards defendant notified plaintiff that his services would not be required, that the "going wages" for such masters for said season were $2,500, that plaintiff was able to and did earn only $505.32 during said season, *held,* sufficient to support a judgment for plaintiff for $1,994.68.

3. SAME—EVIDENCE SUFFICIENT TO SUPPORT FINDING THAT CONTRACT OF HIRING EXISTED.

Evidence *held,* to support the finding of the trial court that plaintiff's services were engaged as claimed and that such engagement was by the defendant company.

Error to Muskegon; Vanderwerp (John), J. Submitted October 17, 1923. (Docket No. 158.) Decided November 13, 1923.

Assumpsit by Thomas McCambridge against the Crosby Transportation Company for breach of a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Edward C. Farmer,* for appellant.

*Hugh E. Lillie,* for appellee.

SHARPE, J. This case was tried by the court with-

out a jury. Findings of fact and conclusions of law were made and filed as requested. Amendments were proposed and exceptions duly taken. The findings state, in substance, that plaintiff was employed by defendant during the season of 1918 as master of the steamship Livingstone; that a contract for his services for the season of 1919 was entered into by him with defendant's president and its general manager; that on or about January 31, 1919, plaintiff by letter was instructed by the general manager not to report for duty on February 1st, the time agreed upon, but to wait until notified; that on February 28th defendant's president wrote plaintiff that defendant had decided to make a change on the steamer Livingstone for the 1919 season and that plaintiff's services therefore would not be required; that the "going wages" for the masters of such vessels during the season of 1919 were $2,500; that plaintiff procured such employment as he was able to and earned but $505.32.

The court concluded as a matter of law that plaintiff was entitled to recover the difference between these sums, $1,994.68, and entered judgment therefor and interest thereon.

The findings of fact are analogous to and treated by us as a special verdict. *Burk* v. *Webb*, 32 Mich. 173. That they are sufficient to support the judgment entered is apparent. The contention of defendant is that the evidence does not justify the findings. It is insisted that the proofs show that plaintiff during the season of 1918 was in the employ of the Livingstone Steamship Company and that no agreement was made to employ him for 1919. It appears that the steamer Livingstone was owned by the Livingstone Steamship Company. Mr. Crosby was president of both companies. Mr. Walsh was general manager of the Crosby company and an employee of the Livingstone company. The plaintiff testified that the

agreement for his services in 1919 was made in the office of the Crosby company and that both Mr. Crosby and Mr. Walsh were then present. The notice he received, dated January 31, 1919, not to report, was written on the stationery of the Crosby company and signed, "Crosby Transportation Company, Per F. P. Walsh." In the letter of February 28th, written by Mr. Crosby, he inclosed a check of the Crosby company for the balance due plaintiff. Mr. Crosby testified:

"The Livingstone Steamship Company owns the steamer Livingstone. It was operated by the Crosby Transportation Company. To a certain extent, yes. I wouldn't say it was operated by it. We had distinct offices for both companies. The offices were in the same building. The same men worked for each company."

In concluding his letter to plaintiff of February 28th, Mr. Crosby said:

"In connection, we have decided to make a change on the steamer 'Livingstone' for the coming season and will therefore not require your further services."

From this an inference may fairly be drawn that there had been an arrangement of some kind for such "further services."

We are impressed that there was sufficient proof to justify the finding that plaintiff's services were engaged for the season of 1919 and that such engagement was by the defendant company.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.