KINCAIRD <em>against</em> SCOTT.

A. devised his lands, &c. in fee simple, to his infant son, B., and appointed C, sole executor of his will, and trustee of all his estate, for his son, until he should arrive at the age of twenty-one years. On the death of A., C., as trustee under the will, entered into possession of the estate so devised, and committed acts of waste; and the infant heir, by his guardian, brought an action of waste against him, under the statute. It was held that C. was not a tenant within the purview of the act, having no interest or estate in the lands devised; and that an action of waste did not, therefore, lie against him.

THIS was an action of *waste*, brought by the plaintiff, by his guardian. The declaration stated, that *John Kincaird* was seised, in his lifetime, and died seised, of a certain messuage, lands, &c. in *Hartford*, in the county of *Washington;* and, by his last will, devised all his real estate in *Hartford* to the plaintiff, in fee, and appointed the defendant sole executor of his said last will and testament, and also a *trustee* of all his goods, &c. lands and tenements, which he might be possessed of, or have title to, at the time of his death, for the plaintiff, until he should arrive at the age of twenty-one years. The declaration then stated, that, on the death of the testator, the plaintiff became seised and possessed of the several pieces of land, &c. described, in fee, by virtue of the said will; and that the defendant, being possessed of the said several pieces of

land, by virtue of the said *trust* mentioned in the said will, did commit waste and destruction in the houses, messuages, &c. specifying the particular acts of waste done, in the usual form, which was to the disinheriting of him, the said plaintiff, and to his damage, &c.

The defendant pleaded the general issue, that he did not commit waste, &c.

The cause was tried at the *Washington* circuit, the 15th of *June* last, before Mr. Justice *Platt*. At the trial, the plaintiff exhibited the will of the testator, which had been duly proved and recorded in the court of common pleas of *Washington* county, by which it appeared that the premises described were devised to the plaintiff, and the defendant named sole executor and trustee for the plaintiff, as stated in the plaintiff's declaration.

The testator died in *June*, 1806. It was proved that the defendant took possession of the lands, &c. by virtue of the will; and the plaintiff was about offering evidence of the particular acts of waste committed by the defendant, when it was objected, that this action would not lie against the defendant, he being a *trustee* under the will, and not coming within the provision of the statute relative to waste. The judge, without permitting the plaintiff to proceed further, ordered him to be nonsuited; to which the plaintiff submitted, with leave to move the court to set aside the nonsuit, on a case to be made.

*Z. R. Shepherd*, for the plaintiff. 1. The third section of the act for preventing waste,* declares, " that any person may have a writ of waste against him or her who holds by curtesy, or otherwise, for term of life, or for term of years, or other term; or a woman in dower, as well as against a guardian." The defendant, by the will of the testator, was a trustee of the estate of the plaintiff, until the latter arrived at the age of twenty-one years. On the death of the testator, the defendant entered into possession of the estate. He must, therefore, be considered as a tenant holding for a term, that is, until the heir arrived at full age, and as answerable for the rents and profits. The case clearly comes within the mischief the statute intended to prevent. It cannot be tolerated, that the defendant should commit waste with impunity; and it is no answer to say, that the plaintiff might have recourse to the court of chancery. This

*1 N. R. L. 52. sess. 10. ch. 6.

will not prevent him from having his remedy at law. Again, the defendant is, by the will of the testator, appointed the guar-dian of the plaintiff; and is, in effect, a guardian of his estate, though nominally a trustee.

2. The objection to this action appearing on the face of the declaration, the defendant ought to have demurred to it, or moved in arrest of judgment.

*Champlin* and *Skinner*, contra. It is true, that a motion in arrest would have been proper; but the plaintiff acquiesced in this mode of taking advantage of the objection at the circuit.

[*Shepherd.* I waive the second objection.]

This is not an action on the statute, but at common law; if the party sues for the statute remedy, or triple damages, he ought to declare on the statute. If he does not, his rights must be tested by the rules of common law. Now, at common law, most clearly, the action of waste lies only against *tenants*; viz. a tenant in dower, guardian in chivalry, and tenant by the curtesy; though, as to the latter, there were great doubts; which, however, were removed by the statute of *Gloucester.** The common law of this state is the same as that of *England*, in this respect.

The defendant is so far from being a tenant, that he is, rather, a principal, or landlord. He has the sole and exclusive use and management of the estate, during the minority of the plain-tiff. Why subject a trustee to the action of waste, when a court of chancery affords a more easy and adequate remedy against him?

The defendant has no power or authority as a guardian; nor can he exercise the rights of a guardian. The plaintiff has chosen another guardian, by whom he has brought the present suit.

PLATT, J., delivered the opinion of the court. This is an action of waste *contra formam statuti.* The irregularity at the circuit, in directing a nonsuit, instead of putting the defendant to his motion in arrest of judgment, being waived on the argu-ment, the only question is, whether the defendant had such an

*2 *Inst.* 300, 301, 302. 2 *Bl. Com.* 281, 282. 7 *Bac. Ab. Waste.* (H.)

interest in the land, or stood in such a relation to the plaintiff, as to make him liable to this action, under the statute?

At common law, an action of waste lay only against guardian in chivalry, tenant in dower, and tenant by the curtesy; and not against a tenant for life or years. The reason for the distinction was, that the estate of the three former was created by the *act of law*, which, therefore, gave a remedy against them; but tenants for life, or for years, came in by the demise of the owner of the fee, who might have provided against the committing of waste by his lessee. (*Co. Lit.* 54. *a.*)

Our statute " for preventing waste," (1 *R. L.* 62.) combines the provisions of the statute of *Marlbridge*, (52 *Hen.* III. ch. 23.) and the statute of *Gloucester*, (6 *Edw.* I. ch. 5.) and gives an action of waste and triple damages, and forfeiture, "against him or her who holdeth by curtesy, or otherwise for term of life, or for term of years, or other term, or a woman in dower, as well as against guardians."

It cannot be pretended that the defendant stands in the relation of *guardian* to the plaintiff. We have, therefore, only to inquire, whether he is to be considered as holding "*for term of life, or for term of years, or other term.*"

Under the rules of construction applicable to penal statutes, I think the defendant is not a *tenant,* within the purview of the act. By the will of *John Kincaird,* the lands are devised in fee simple to the plaintiff, an infant; and the testator then appoints the defendant trustee for the plaintiff, of all the lands so devised, until he shall arrive at full age.

This gave to the defendant the right to occupy and control the real estate during the minority of the devisee, as trustee for the infant; and, as such, he is under the general superintendance and control of the chancellor, and is accountable according to the rules which govern trusts. He has no interest or estate in the lands, in his own right, and may be devested of the trust, for incompetency, or other good cause, at the discretion of the chancellor.

The relation of *landlord* and *tenant* does not subsist between the *trustee* and his *cestuy que trust*. Scott does not hold the lands *under* the plaintiff, but *for* him.

*Clifton's* case (5 *Co.* 75.) is an exposition of the *English* statute, of which ours is a transcript; and it was there ruled, that " if a fême lessee *for life* takes husband, the husband does

NEW-YORK,
Oct. 1815.

waste, and the wife dies, the husband shall not be punished by this law : for the words of the act be, ' a man that holds, &c. for life ;' and the husband held not for life, for he was seised but in right of his wife, and the estate was in his wife." (2 *Inst.* 301. *Co. Lit.* 54. *a.*)

" But if a fême be possessed of a term *for years,* and take husband, and the husband doth waste, and the wife dieth, the husband shall be charged in an action of waste ; for the law giveth the term to him." (*Co. Lit.* 54. *a.*)

The forfeiture of the place wasted, (given by the statute,) implies, that the person against whom that remedy is given, has an *interest* and *estate in the lands.* Here the trusteeship was not an *estate,* but an *office* merely ; and the plaintiff is not entitled to the remedy given by this penal statute.

Motion for setting aside the nonsuit denied.