### Esther F. Thomas v. Richard D. Sprague.

*Recovery against garnishee on evidence contradicting his.*—A recovery can not be had against a garnishee on evidence contradicting his own statement that nothing is due from him to the principal debtor. Newell v. Blair, 7 Mich. 103.

*Finding of facts must state conclusions.*—A finding of facts by a Circuit Judge must state the conclusions of fact. If it set forth only the evidence, it is insufficient. Trudo v. Anderson, 10 Mich. 357.

*Heard November 5th. Decided December 5th.*

Error to Ionia Circuit. The only error assigned was, that the finding of facts by the Circuit Judge did not sustain the judgment. The following was the finding:

"Case under Chapter 141 of Compiled Laws, entitled ' Of proceedings against Garnishees.'

"On the 4th day of September, 1862, the said Richard D. Sprague commenced suit by summons, against one Parker A. Sprague, before Wm. W. Mitchel, Esq., a justice of the peace of said county, and on the 13th of same month obtained judgment in the sum of ninety-nine dollars damages and one and 27-100 dollars costs of suit.

"On the said 4th day of September, this suit was commenced before the same magistrate — the said plaintiff alleging that the said defendant was indebted to the said Parker A. Sprague, &c. Issue was joined, and such proceedings were had thereon that judgment was rendered

in favor of this plaintiff and against this defendant, for fifty dollars damages and five dollars costs. From which judgment the said defendant took an appeal.

" On the trial in this Court the above facts were admitted, and the docket of the magistrate, of the two above cited cases, was received and read in evidence: the minutes of the examination of the defendant herein, the garnishee, as sworn to, and reduced to writing by the magistrate on the trial below, were also received and read in evidence. Said minutes read as follows, to-wit: 'Esther F. Thomas being duly sworn, says she is acquainted with Parker A. Sprague, and that she made a contract with the said Parker A. Sprague for building a house the fore part of June last, and was to pay him $1,250. I recollect when the garnishee summons was served on me. When I went east there was $250 due on the contract, which was on the 20th of August; I returned on the 4th of September, and the garnishee summons was served on me that day. I had not paid any portion of the $250 due on the contract, prior to the service of the garnishee summons. Sprague told me the 4th of September, 1862, a short time after the summons, that Newland and he had completed that matter, and he had sold out to Newland his interest in that contract: the first knowledge I had of the sale from Sprague to Newland was after garnishee summons.'

" On the trial in this Court, Mrs. Thomas was called as a witness; was sworn, and testified, among other things, as follows: 'I contracted with Parker A. Sprague to build me a house, for $1,250, payable as the work progressed; and as he required money to lay out for materials, I was to advance it. He commenced and went on with the building; I made payments as materials were wanted and the work progressed; did so till I went east, August 20th, and at that time I had paid him $1,000. It was conceded that the $1,000 paid up for materials and work to that date. I left home August 20th; returned Septem-

12 MICH.—I.

ber 4th. How much work had been done, and what value in materials furnished, between August 20th and September 4th, I don't know. The job was not done. When I said in my statement before the magistrate, that when I went east there was $250 due on the contract, I meant this: that I was liable to pay $250 more when contract was fulfilled.'

"There was testimony in the case from other witnesses, showing that the said Parker A. Sprague had furnished materials, and done work under the contract, between August 20th and September 4th, date of service of garnishee summons, to the amount of $50, and that this amount was due and payable to him at date of said service, by the terms and conditions of said contract. There was some testimony introduced for the purpose of showing that the said Parker A. had a partner in this job, to-wit: one Newland, and that he had sold out and assigned to said Newland all his interest in said job prior to service of garnishee summons. But the testimony did not establish any such copartnership, or sale and assignment.

"The defendant herein is entitled to her costs, and the plaintiff to a judgment for the balance of the fifty dollars. And the costs having been stipulated at the sum of $29 43, this amount is to be deducted from the fifty dollars, and judgment to be rendered for the balance, to-wit: the sum of $20 57."

*D. W. Jackson* and *A. Williams*, for the plaintiff in error, cited to the point that the finding was insufficient, because only giving the evidence, and not drawing conclusions of fact: — *Trudo v. Anderson*, 10 *Mich.* 357. That judgment was erroneously rendered against the garnishee after she had sworn that nothing was then due from her: — *Newell v. Blair*, 7 *Mich.* 103.

. T H O M A S   *v.*   S P R A G U E .

*A. W. Dodge* and *C. I. Walker*, for defendant in error:

The plaintiff in error admits her liability, but not knowing the extent of it, further inquiry of other witnesses might be had to show to what extent she was liable:— *Maynards v. Cornwell*, 3 *Mich.* 313; *Newell v. Blair*, 7 *Mich.* 103.

CAMPBELL J.:

Sprague, the defendant in error, having garnisheed Mrs. Thomas, the plaintiff in error, as a debtor of one Parker A. Sprague, and she having answered, a judgment was finally rendered against her, from which she appealed to the Circuit Court for the county of Ionia. The appeal was heard in that Court, in February, 1863, and decided in April. Proceedings were stayed until thirty days after a written finding should be filed.

A written finding was filed July 7, and a new judgment was entered thereon, the first judgment having been informal. Error is now brought, and the ground of error assigned is, that the finding does not support the judgment.

So far as any facts can be regarded as set forth in this finding, it appears that the garnishee denied in the Circuit Court that any thing was then due from her, and that the only foundation for a recovery was derived from the evidence of other witnesses, who testified that money was due from her under a contract which she testified had not matured. We held in *Newell v. Blair*, 7 *Mich.* 103, in conformity with previous rulings, that the garnishee could not be held on testimony contradicting her statement.

We do not think, however, that the finding is sufficient in itself upon any grounds. When a finding of facts is required, it should state something more than evidence; it should state conclusions of fact:— *Trudo v. Anderson*, 10 *Mich.* 357.

The Court did not find what contract was made between

Thomas v. Sprague.

Mrs. Thomas and Parker A. Sprague, nor what moneys were due on it, nor whether it had been in whole, or how far performed according to its terms. There is nothing to show a foundation for any legal conclusion. The finding not setting forth facts which would sustain a judgment for plaintiff below, the defendant was entitled to judgment for costs.

Judgment must be reversed, and judgment entered for plaintiff in error for costs of both Courts.

Manning and Christiancy JJ. concurred.

Martin Ch. J. was absent.