## David W. Peabody v. John McAvoy.

*Special finding: Assignment of error.* Where a cause is tried by the court without a jury, and the court has filed a special finding under the rule, an assignment of error, that there was no evidence of the facts found, does not raise any question that this court can consider on error.

*Finding of fact, not reviewed: Nor finding of law not excepted to.* This court will not review a finding of fact; nor a finding of law to which no exception has been taken below.

*Effect of assignment of error.* Where the judgment below was for defendant, and the plaintiff brings the case to this court on writ of error, assigning as error that the judgment is not supported by the facts found, such assignment of error will be of no advantage to the plaintiff, unless the facts found are sufficient to entitle him to judgment; for otherwise, judgment would necessarily pass against him and in favor of his adversary.

*Evidence no part of finding.* The evidence is no part of the record unless embodied in a case made or bill of exceptions, and should not be returned with, or among, the findings of the court; and if it is, this court will not consider it.

*Finding of facts analogous to special verdict.* A finding of facts under *circuit court rule 87* is analogous to a special verdict of a jury, and this court can no more resort to evidence *dehors* the record, to add to the finding or test its correctness, than it can go behind a special verdict to aid or supplement it.

*Presumption not made against tendency of facts found.* This court will not presume that the plaintiff was a *bona fide* holder of the promissory note sued upon, where this fact is not found, and is clearly inconsistent with the facts that are found.

*What not equivalent to a finding that plaintiff is a bona fide holder of promissory note.* Where it is found as facts, that no actual consideration was given for the promissory note sued upon, that it was never delivered by the maker as a promissory note, that it was made and was payable in Canada, and that it was void under the Canadian law, a finding that the plaintiff "purchased the note before it was due, and without *the knowledge* of any special matter of defense connected with the making of it," in the absence of any finding how, or on what, if any, consideration he purchased it, is not equivalent to a finding that the plaintiff acquired the note without *any notice* of the matters impairing its validity; or that he became the holder upon such consideration as the law deems requisite to invest one with the character of a *bona fide* holder.

*Intendments not made against, but in favor of, judgments.* This court is not at liberty to take any thing by inference, or make intendments against the judgment below; but is bound to make all reasonable intendments to uphold such judgment.

*Heard October 14. Decided October 24.*

Error to St. Clair Circuit.

The facts are sufficiently stated in the opinion.

*Edgar Weeks* and *C. A. Kent,* for plaintiff in error.

*Atkinson & Miles,* for defendant in error.

PEABODY v. McAVOY.

GRAVES, J.

This was an action to recover the amount of a promissory note *made* and *payable* in Canada.

Peabody, as indorsee and holder, brought the suit against McAvoy as maker, and the main question was whether the Canadian stamp acts made it invalid. The trial was without a jury, and the court, upon proof of the Canadian laws, ruled that they rendered the note invalid. It is now urged for the plaintiff, that although the court found, as a fact, that the provincial statutes made the note invalid, yet, that the meaning of the foreign law was not a question of fact, but one of law; and that in deciding that those statutes deprived the note of validity, the court gave a wrong interpretation to the foreign law and thereby committed an error of law which is open to correction here.

We think the question, which is here sought to be raised, might be easily disposed of if the plaintiff had made a case which would permit the inquiry; but the difficulty is, that the record is so constituted as not to raise the point. There are but two assignments of error, namely: *First*, that the facts found do not support the judgment; and, *second*, that there was no evidence of the fact found that, by the law of Canada, the note was void for want of a sufficient stamp.

Neither of these alleges the error suggested at the bar, and the last raises no point which this court can consider. But this is not all. If the finding upon the effect of the Canadian acts is regarded as one of fact, it is not reviewable here at all, while if it is deemed a finding of law, as the plaintiff claims it should be, it cannot be re-examined, because it was not excepted to as required by our practice. —*Circuit Court Rule 89; Wright v. Wilson, 17 Mich., 192–204; Tillman v. Fuller, 13 Mich., 113; Thomas v. Sprague, 12 Mich., 120; Trudo v. Anderson, 10 Mich., 357.*

Under this practice when a party fails to except to a particular or specific finding, he is regarded as submitting to it. But it is urged that if this point cannot be now agitated, there is still room for the plaintiff to insist upon the first assignment of error, namely, that the judgment for the defendant is not supported by the facts found. This view, however, is without advantage to the plaintiff. Unless the facts are sufficient to support a judgment in his favor it is a necessary alternative that judgment pass against him and in favor of his adversary; and when, therefore, he affirms that the judgment against him is not supported by the facts, he affirms in effect that the facts found are sufficient to entitle him to judgment.

Considering the case in this aspect of it, and perceiving the position in which the facts placed him, the plaintiff urged that he was shown to be a *bona fide* holder of the note, and that the immunity and protection due to that character answered the defense, and entitled him to judgment. And unless the ground of this argument is warranted by the facts, no ingenuity can find a reason for disturbing the judgment.

The state of this record and some of the views of counsel make it proper to advert briefly to the nature and effect of these findings, and the course of this court in regard to them. In requiring the facts to be found, the law intends that the finding shall ascertain and comprise only those ultimate propositions of fact, whether few or many, which the evidence proves, and which involve the law of the case that must determine the rights of the parties. No subordinate facts which are merely evidence of the main ones, can be properly included. And it is quite incorrect to suppose that the evidence, or any part of it, should be returned with, or among, the findings, or indeed in any way, unless regularly embodied in a case or

bill of exceptions. The evidence is no part of the record unless made so by some specific regulation, and we have no right to regard it when it does not belong to the record. All power to review upon the evidence was taken away by the act of 1867.—*Sess. L. 1867, p. 198.* And the evidence can now only be considered for the purpose of reviewing some question of law " appearing upon the trial," and then, only when brought upon the record in some authorized mode ; and, as already suggested, that mode is by case or bill of exceptions. When the facts are found by the court, the finding is analogous to a special verdict, and we can no more resort to evidence *dehors* the record, to add to the finding or test its correctness, than we can go behind a special verdict to aid or supplement it, or see whether the jury found as we should have done. If either party desires in advance to insure a specific finding upon any point of law, or thinks the finding when made less full or definite than it should be, the rules prescribe the course to be taken.—*Circuit Court Rules 87–88.* In the case before us, a portion, at least, of the evidence is returned, and the facts found are somewhat intermingled with it. But we have no difficulty in seeing that the facts found do not place the plaintiff in the attitude of a *bona fide* holder ; and we cannot act upon any mere presumption that he was so, whatever the court below might have done. If we were to make such a presumption, we should introduce an element of fact not contained in the finding, and quite inconsistent with it.

It is found that no actual consideration was given for the paper, and that it was never delivered by the maker as a note, and further, that it was void under the Canadian statute.

It is also found that the plaintiff " purchased the note

before it was due, and without *the knowledge* of any special matter of *defense* connected with the making of it.".

As we are not at liberty to take any thing by inference or make intendments *against* the judgment, but are bound to make all reasonable intendments to *uphold* it, we are satisfied that this finding cannot avail to overthrow it. It is by no means equivalent to a finding that the plaintiff acquired the instrument without *any notice* of the matters impairing its validity; or that he became the holder upon such consideration as the law deems requisite to invest one with the character of a *bona fide* holder. How he purchased, or on what, if any, consideration, does not appear. We think that the plaintiff has failed to show error, and that the judgment should be affirmed with costs.

CAMPBELL, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.