## John Feller v. Alexander R. Green.

*Findings of law: Exceptions.* Special findings of law filed in a cause tried by a circuit judge without a jury, which are not excepted to, will not be considered on error.

*Imprisonment: Duress: Evidence.* To make out the defense of duress of imprisonment, it must appear that the party's action has been influenced by the restraint; the conclusion of coercion is not a necessary one from the fact of unlawful restraint, and especially not, where the party is suffered to go at large, and has every assurance that the restraint, at most, can only subject him to a little inconvenience.

*Finding of facts: Duress.* A finding of facts which is not in express terms one of duress, is not in legal effect equivalent thereto, unless the facts set forth are such that a conclusion of duress must inevitably follow; it is not enough that they lead to a strong inference of duress.

*Heard October 23. Decided October 29.*

Error to Macomb Circuit.

*Hubbard & Crocker* and *E. W. Meddaugh*, for plaintiff in error.

*R. P. & J. B. Eldredge*, for defendant in error.

COOLEY, J.

Feller was sued on a note which he had signed as surety

for one Smith. The defense was, that the note was procured from Smith by means of duress. The circuit judge tried the case without a jury, and we have his finding of facts, and also, several special findings of law. None of the special findings are excepted to, and the only point we can consider on the record is, whether the facts found support the judgment.

The judge finds a valuable consideration for the note, so that the plaintiff was entitled to judgment, unless the alleged duress appeared. Upon that subject he found that Smith was arrested upon an unfounded charge of bigamy, on the complaint of a person acting as agent for the plaintiff and other creditors; that the agent, after the arrest, proposed to drop the charge and settle with Smith for a certain sum of money; that the officer suffered Smith to go off with the agent, at the request of the former, some twenty miles, the officer not accompanying them; that while thus away from the officer, Smith took legal counsel, and was advised that he was not liable on the criminal charge, because, as matter of fact, he had been married but once; that Smith nevertheless made a settlement with the agent, giving the note in suit in security for a portion of what he was to pay; that Feller signed the note at Smith's request; that while the negotiation and settlement were going on, the sheriff had not exercised any control over Smith, and had nothing to do with him; but after they were concluded, the sheriff told him, "You are clear now;" that "there was no settlement, or attempted settlement of a felony," and that, "while the arrest was treated as continuing, the settlement was of matters entirely independent of the matters charged in the warrant of arrest, and Smith knew he could not be legally held under, or for the charge made."

Unless this finding is a finding of duress, it is obvious

that the plaintiff was entitled to judgment. · It certainly is not in express terms such a finding, nor is it in legal effect equivalent, unless the facts set forth are such that a conclusion of duress must inevitably follow. Those facts most certainly are such as to lead to a very strong inference that Smith would not have given the note in suit had he not been put under arrest, and also that the arrest was made on a charge known to be unfounded, for the purpose of effecting the settlement. But they do not necessarily lead to that conclusion. Smith was at a distance from the officer; he was acting with some deliberation; he knew the criminal complaint must fail; he had counsel by him; and the circuit judge does not find that he made the settlement in consequence of the arrest, or that his action in giving the note was in any manner influenced by the criminal process. It is consistent with every thing the judge finds, that Smith concluded, on reflection, to settle up the demands against him, as a matter of simple justice, and without at all being influenced by an arrest which he knew was baseless, and consequently did not fear.

: To make out the defense of duress of imprisonment, it must appear that the party's action has been influenced by the restraint. If he has only paid, or secured, a just debt, while held in custody, the transaction is not to be avoided, unless he did so because of the custody. The question is one of fact, whether he was coerced, or acted willingly; and the conclusion of coercion is not a necessary and unavoidable one from the fact of unlawful restraint. Still less would it be unavoidable in a case like the present, where the party is suffered to go at large, and has every assurance that the restraint, at most, can only subject him to a litte inconvenience.

Had the circuit judge been required to find specifically upon the question of duress, he might perhaps have found it

from the facts here appearing; but we cannot draw such a conclusion for him, unless it is so entirely inevitable as in fact to become a conclusion of law. Such is not the case here.

It is proper to state here, that it does not appear but that the arrest of Smith was upon process good in form, nor but that the complaint against him may have been made in good faith. Smith, it seems, had actually been living with the complainant's sister, as husband with wife, and having afterwards married another woman, the complainant may possibly have believed in his legal guilt, until the arrest brought out the real facts. There are forcible inferences from the record, the other way; but it is not our province to draw inferences of fact. We ·make this statement for the purpose of precluding any conclusion that we are discussing a case in which it is found as a fact, that sham process has been employed by parties who could have had no motive but to force the result which was reached.

The judgment must be affirmed, with costs.

The other Justices concurred.