## John Todd and another v. Joseph W. Davis.

*Ejectment: Finding of facts: Mortgagee: Foreclosure: Entry.* Where in ejectment it is found as a fact that the plaintiff's ancestor entered into possession of the premises "both as mortgagee and purchaser," under proceedings to foreclose a mortgage held by him, the finding is not necessarily inconsistent. The mortgagee could enter as purchaser, and if his foreclosure proved defective it would not affect the validity of his mortgage, and he could claim all the rights of a mortgagee in possession under his mortgage.

*Mortgagee in possession: Ejectment.* A mortgagee in possession under a mortgage executed prior to the act of 1843, inhibiting actions of ejectment by mortgagees before their title has become absolute upon foreclosure, can maintain ejectment to recover possession of the mortgaged premises.

*Special findings: Evidence.* Where there is evidence tending to sustain special findings of fact a court of review is not at liberty to examine into the evidence to test the correctness of these findings.

*Heard April 29.     Decided June 8.*

Error to Jackson Circuit.

*Powell & Fay* and *George C. Worth,* for plaintiffs in error.

*Grove H. Wolcott* and *Austin Blair,* for defendant in error.

MARSTON, J:

The action in this case was ejectment. The cause was tried by the court, who found that the father of defendant in error, who was plaintiff in the court below, was the original owner of the premises in question; that in July, 1836, he conveyed the premises to one Lackor, who on the same day mortgaged them back to secure payment of the purchase money; that default having been made in the payment of this mortgage, Davis, the mortgagee, proceeded to foreclose the same, and afterwards entered into possession of the premises "both as mortgagee and purchaser;" that defendant in error had acquired all the interest which his father had in the premises, save a one-ninth interest in one of his sisters, and that the possession of the defendants below was

not adverse so as to bar the right of plaintiff to recover; and judgment was rendered accordingly.

It seems to be conceded that the proceedings to foreclose the mortgage referred to were defective, although the court declined to find upon this question, not considering it material. And it is insisted, therefore, that the ancestor of plaintiff could not have taken possession of the premises "both as mortgagee and purchaser," as found by the court, and that such a finding is inconsistent. Admitting, however, the proceedings to foreclose to have been defective, they would in no way impair or affect the validity of the mortgage or the rights of the mortgagee thereunder. The mortgagee could enter into possession as purchaser, and, in case the proceedings afterward proved defective, could claim all the rights of a mortgagee in possession under his mortgage.

Could then the mortgagee, or those claiming through him, in this case, afterwards maintain ejectment for the premises against a third party having no title thereto? If he acquired title at the mortgage sale there could be no question. If not, then as mortgagee we think he would be entitled to recover. This question was disposed of in *Mundy v. Monroe, 1 Mich., 68,* where it was held that the act of 1843, inhibiting actions of ejectment by mortgagees before their title had become adsolute upon foreclosure of the premises, was unconstitutional and void as to mortgages in existence at the time of its passage, and it was also there held that the mortgagee after default was entitled to and could maintain ejectment to recover possession of the mortgaged premises.

All the other questions discussed in this court by counsel for plaintiffs in error, so far as material to be considered under the above view, relate to the correctness of the special findings of the court below, and the conclusions of law thereon. There was evidence tending to sustain each of these findings, and we are not at liberty to examine into

the evidence to test the correctness of the findings.    The conclusions are fully sustained by the findings.

There being no error in the record, the judgment must be affirmed, with costs of both courts, and the record remanded.

The other Justices concurred.