## Allan Shelden and others v. Byron M. Dutcher.

*Promissory notes: Finding of facts: Substantial defects: Special verdict.* In an action upon a promissory note, a finding of facts which deals almost exclusively with a defense set up, and fails to find either the giving of the note in suit by defendant, or that the plaintiffs were holders of it, is fatally defective; the finding being analogous. to a special verdict, it cannot be extended by inference or enlarged by intendment in material matters of substance.[1]

*Finding of facts: Failure to make out a case: Special defense.* Where on a trial by the court without a jury the finding of facts is insufficient to support a judgment for the plaintiffs, with the defense stricken out entirely, the judgment for the defendant will not be reversed for any errors in rulings as to the validity of the special defense set up.

*Promissory notes: Defense: Compromise: Fraud: Finding: Recital of evidence.* Where a compromise is set up in defense, and is met with the claim of fraud in the compromise, the fact of a fraud committed against the plaintiffs should be directly found, and not merely a recital of the facts relied upon as tending to prove it.

*Submitted on briefs June 21. Decided October 13.*

Error to Macomb circuit.

[11*]　　　*R. P. & J. B. Eldredge* and *A. B. Maynard,* for plaintiffs in error.

*Atkinson & Atkinson,* for defendant in error.

GRAVES, J.:

The plaintiffs sued on a note given to them by Dutcher November 1, 1872, for four hundred and eighty-seven dollars and twenty-three cents, payable one hundred and twelve days after date, with current exchange, and interest at ten per cent. after maturity.

Dutcher pleaded the general issue, with notice of set-off and of special matter of defense, and this defense was in substance

---

[1]Though evidence appear in the record which a tribunal competent to find the facts might consider abundantly sufficient to make out certain results, the supreme court cannot consider it. Where the facts given lead to a very strong inference, the conclusion cannot be drawn unless it is so entirely inevitable as in fact to become a conclusion of law. The finding must state something more than the evidence; it must state conclusions of fact. " The conclusions of fact are those ultimate propositions of fact, whether few or many, which the evidence makes, and on which the law of the case depends, and not those subordinate facts which only help to the establishment of the main ones." *Yelverton v. Steele,* 40 Mich., 538; *Perkins v. Nugent,* 45 Mich., 156; *Brown v. McHugh,* 36 Mich., 433; *Tower v. Detroit &c. R. R. Co.,* 34 Mich., 328; *Todd v. Davis,* 32 Mich., 160; *Burk v. Webb,* id., 173; *Compton v. Blair,* 27 Mich., 397; *Teller v. Green,* 26 Mich., 70; *Peabody v. McAvoy,* 23 Mich., 527; *Thomas v. Sprague,* 12 Mich., 120; *Trudo v. Anderson,* 10 Mich., 357.

that the debt the note represented had been cancelled by an executed compromise. A jury was dispensed with, and the judge reported a series of special findings, and confined chiefly to the compromise alluded to in the notice. As conclusion of law, he stated that the plaintiffs had not shown sufficient to avoid the compromise, and that the defendant was entitled to judgment.

Judgment was given accordingly, and the plaintiffs, acquiescing in the findings of fact, and deeming them sufficient to require a judgment in their favor, at once brought error.

There is no difficulty in seeing what points of law the parties differ about. They relate entirely to objections to the validity of the compromise. They take no notice of any other part of the case.

It would seem that at some time later than the date attributed to the note, a compromise agreement was entered into between Dutcher and plaintiffs and his other creditors, whereby he was to secure payment of fifty cents on the dollar of his indebtedness, by his notes endorsed by a third person, in satisfaction of the whole indebtedness, and that afterwards the creditors acknowledged payment by receipts covering the amount so agreed on. The plaintiffs appear *to [*12] have given evidence in reply tending at least to show that in treating for the compromise and in securing the accession and consent of the creditors, Dutcher fraudulently concealed his ownership of certain assets and fraudulently misrepresented the state of his affairs and the true value of certain other items of his property, and, moreover, secretly and behind the plaintiffs' back, agreed with some other of the compromising-creditors as an inducement to come in, that he would pay them, not merely according to the rate held out as that applicable to all alike, but dollar for dollar, and in full.

Upon this finding as it stands we are asked to decide that the compromise was vitiated as to the plaintiffs, and that they are entitled to judgment. The questions discussed are interesting and important, but we cannot consider them on this record. As the findings reported by the judge stand, the points argued are purely speculative. These findings, so far

as they go, are in some parts quite vague and uncertain; but if this were all, the court might perhaps overcome the difficulty. But there are substantial omissions. In the first place there are no findings whatever of any state of facts showing the plaintiffs entitled to judgment, even if no matter of defense were found. The facts reported as found relate to the defense and the reply to it and not at all to the plaintiffs' ground of action. There is no finding that Dutcher ever gave the note in suit, or that the plaintiffs were holders of it. The finding being analogous to a special verdict, we cannot make intendments and inferences of substantial and material facts, or assume that they may have been tacitly admitted. When wanting, they cannot be introduced here by reasoning.

It follows, therefore, that the facts found would not support a judgment for the plaintiffs, if the defense were stricken out. But the court think there is another insuperable difficulty in the plaintiffs' way. There is no direct finding that any fraud was committed against the plaintiffs. There are [*13] *facts tending to show it, but the fact itself is not found, and the court think such a finding was as indispensable as that of conversion in trover.

In this state of things the result must be an affirmance of the judgment, with costs.

The other justices concurred.