## Delamere Brown v. Michael McHugh.

*Promissory notes: Defense: Prohibitory liquor law: Finding of facts.* In an action upon a promissory note to which the only defense was that it was void under the prohibitory liquor law, a finding of facts which states simply with reference to this defense, that the payee was a grocer and that four dollars of the consideration of the note was for intoxicating liquors which the maker got at the payee's store, is not sufficiently specific and definite to support a judgment that the note was void.

*Finding of facts: Judgment: Conjecture: Illegality: Presumptions.* The judgment must find its support in the actual state of facts ascertained

and reported; and no aid can be derived from facts not embodied in the finding, nor can facts of equivocal import be reduced to certainty by conjecture, or a ground of illegality be presumed.

*Finding of facts: Intoxicating liquor.* . If the intoxicating liquor mentioned in the finding in this case was native wine or beer, and was sold in lawful quantities, the charge for it was not unlawful, and the note was not tainted by it; and there are no facts found to show that the liquor belonged to the forbidden class, and was not of the sort tolerated by the statute.

*Submitted on briefs April 18.   Decided April 24.*

Error to St. Clair Circuit.

*Chadwick & Voorheis,* for plaintiff in error.

*J. L. Coe* and *W. T. Mitchell,* for defendant in error.

GRAVES, J:

On the 14th of July, 1873, McHugh gave his note to one Ryan for one hundred dollars payable six months after date with interest at ten per cent. A mortgage was given upon a span of horses to secure the note. October 20, 1874, the note and mortgage were transferred by Ryan to Brown, the plaintiff. He was not aware that there was any defense to the note, and he paid full value for it. Soon after he bought it he commenced this suit to recover the amount.

The court tried the case without a jury, and the only obstacle to a recovery by Brown was the defense that the note was void under the liquor law in force at the time it was given. The facts reported by the judge on this subject were, that Ryan was a grocer, and that four dollars of the consideration of the note was for "intoxicating liquors" which McHugh had got at Ryan's store. On the strength of this fact, and this alone, the court found, as a conclusion of law, that the note was void.

This finding of fact was not sufficient to sanction the defense and lead to the conclusion of law stated by the court. Whether the court might not have gone further and found all the conditions of fact requisite to show upon the face of the record that the item of four dollars was illegal

consideration under the liquor law, is not a question to be investigated here. The judgment must find its support in the actual state of facts ascertained and reported by the judge, or fail. No aid can be derived from facts not embodied in the finding; nor can facts of equivocal import be reduced to certainty by conjecture, or a ground of illegality be presumed. The finding should afford the means for its own interpretation and for fixing its own sense, and should be sufficiently distinct and definite to enable the court to decide upon the judgment due. Any clause equally open to two meanings, where one would import or indicate lawful conduct or action, and the other unlawful, should be received in the former sense. Now whether the item of four dollars carried into the note sued on was illegal under the liquor law or not, depended on the character of the liquor. If the "intoxicating liquor" mentioned in the finding was native wine or beer, as permitted under § *19* of the liquor law, and was sold in lawful quantities and as prescribed in that section, then the charge for it was not unlawful and the note was not tainted by it. And there are no facts to show that the liquor belonged to the forbidden class, and was not of the sort tolerated by the provision cited. It is therefore seen that the finding is lacking in facts to maintain the defense of illegality in consideration, and that the judgment given for the defendant upon the assumption of sufficient facts to make the defense good, is not sustained by the finding.

The judgment should be reversed, and one entered here in favor of plaintiff in error for one hundred and thirty-seven dollars and seventy-eight cents, and costs of both courts.

The other Justices concurred.