### George Gano v. Salmon F. Heath.

*Finding of facts: Supported by evidence: Weight of evidence.* On the question whether a finding of facts is supported by the evidence, the conclusion of the judge is not to be set aside because in the opinion of the court of review he has erred in his judgment on the facts, provided there was some evidence to support it; the weight of the evidence is not to be reconsidered.

*Promissory notes: Joint makers: Extension: Additional name: Surety.* Where one of two joint makers of a promissory note obtains of the payee an extension of the time of payment and procures an additional name to the note, this will not release the other maker, though as between the makers the latter claims to be surety only, the payee having no notice of any such relation.

*Submitted on briefs April 18. Decided April 24.*

Error to Berrien Circuit.

*Potter & Potter* and *E. Bacon,* for plaintiff in error.

*N. A. Hamilton* and *O. W. Coolidge,* for defendant in error.

COOLEY, CH. J:

The plaintiff in error was defendant in the court below, and the case comes to this court on a finding of facts, of which the following is a copy:

"The action is brought upon a promissory note of one thousand dollars, signed by Curtis Boughton, George Gano and J. C. Boughton, dated November 20, 1870, and payable with interest at ten per cent. at one year.

GANO v. HEATH.

"The defense set up by Gano was, that he signed the note as surety for C. Boughton, and that when the note became due, Heath, for a valid consideration, extended the time of payment one year, without the knowledge or consent of Gano.

"From the evidence I find the following facts:

"1. On the 5th day of August, A. D. 1870, the defendant and Curtis Boughton purchased a valuable farm lying in this county, at a foreclosure sale made by one Hull under a mortgage from one Stevens to him, and received a commissioner's deed therefor. By an arrangement with Hull, C. Boughton and George Gano became jointly obligated to pay to Hull thirteen thousand dollars on the 20th day of November of the same year upon such purchase.

"2. On the 19th day of said November, C. Boughton applied to one Ormsbee to borrow one thousand dollars for one year. Ormsbee informed him that Heath, the plaintiff, had the money to loan. At C. Boughton's request, Ormsbee drew the note in suit and Boughton took the same to Gano and Gano signed the same with Boughton. It was the understanding between Gano and Boughton, when they purchased said farm, that each should pay one-half of the amount of the purchase, which was about thirty thousand dollars.

"3. When Gano signed the note, he handed Boughton some money and gave him orders upon some persons for amounts to make out one-half of the thirteen thousand dollars going to Hull; he knew that Boughton was getting the one thousand dollars to pay Hull upon the joint debt of him and Boughton. Boughton took the note to Ormsbee and received the one thousand dollars of him of the money of Heath, and went and paid the thirteen thousand dollars to Hull.

"4. It does not appear that Ormsbee had any agency in the matter, further than to receive the money of Heath and to deliver it to Boughton. He knew that the money

was to be paid to Hull upon the said obligation of Boughton and Gano to Hull.

"5. On the day this note became due, Boughton requested Heath to extend the time of the payment of this note for one year, and for so doing, agreed to pay to him fifteen per cent. interest and to have his brother, J. C. Boughton, sign the note. With this Heath was satisfied, and Boughton paid the annual interest upon the note, and paid five per cent thereon in advance for one year, and J. C. Boughton signed the note. Of this, Gano had no knowledge.

"6. Heath had no knowledge or information that Gano claimed to be merely surety upon the note, until about the time of the commencement of this suit. He supposed that in fact Boughton and Gano had jointly borrowed the one thousand dollars.

"My conclusions of law are as follows:

"1. The signing of the note by J. C. Boughton had no effect to release Gano from his liability thereon.

"2. The extension of the time of payment of the note by Heath did not exonerate Gano from his liability to pay the same.

"3. The defendant Gano is indebted upon the note for principal and interest in the sum of ———.

"4. C. Boughton and Gano were joint makers of the note, and Gano, as between the makers and Heath, was not a surety of C. Boughton."

A number of exceptions were taken to the finding, as not being justified by the evidence, but a careful reading of the record does not bring us to the conclusion that any one is well taken. On some points different minds might reach different conclusions, but the conclusion of a judge, no more than the conclusion of a jury, is to be set aside because he has erred in his judgment on the facts, provided there was some evidence to support it.—*Lovell v. Willard, 28 Mich.,* 346; *Burk v. Webb, 32 Mich., 173; Todd v. Davis, 32 Mich., 160.*

That plaintiff in error was not released from his contract by obtaining an additional name to it, is decided by *Miller v. Finley, 26 Mich., 249.*

The judgment must be affirmed, with costs.

The other Justices concurred.