PETER WEIRICH v. ISAAC COOK.

*Findings.*

A referee's statement of his conclusion as to what sums he should allow is not a finding of facts and will not sustain a judgment; there should also be such a statement as would show they were legitimate.

It is enough to except to a referee's report where his finding is insufficient to sustain a judgment and no complaint is made of his action preceding the report.

The Supreme Court will not look into the evidence on which a finding of facts is based, but reviews only the finding.

Case made from Kent. Submitted June 7. Decided June 21.

ASSUMPSIT. Plaintiff had judgment below.

*Charles J. Potter* for plaintiff.

*J. P. Atwood* for defendant.

COOLEY, J. This appears to have been an action of assumpsit, and was sent by the circuit court to a referee, who filed in the case a finding of which the following is a complete copy:

"*Finding of facts.* I allow the plaintiff's claim as follows:

```
Balance due December 1, 1876.................... $197 75
Interest to date, 7 per cent....................    12 19
                                                 ————————
                                                  $209 94
    I allow defendant's set off as follows:
Four loads of wood, 1½ cords each, six
    cords of wood, $4 per cord............ $24 00
I deduct the $6 credited for wood.......    6 00
                                         ————————
                                                   18 00
                                                 ————————
    Balance due plaintiff...................... $191.94
```

*Law.* I find that the defendant is indebted to the plaintiff in the sum of one hundred and ninety-one dollars and ninety-four cents ($191.94) and that judgment should be rendered in favor of the plaintiff and against the defendant for the above amount."

(Signed by the referee.)

Prefixed to the report were minutes of evidence, from which it might be inferred that the plaintiff's claim was the balance remaining due on sales of lager beer continued through a series of years, ending in 1877, and that plaintiff was a brewer. It nowhere appears, however, that the beer was of domestic manufacture, and it is as reasonable to infer from the brief minutes of evidence which are given that a considerable portion of the bill was made up of sales prohibited by the liquor law which was repealed in 1875 as of sales that were legal. This, however, is of no importance, because we cannot look into the evidence, but must confine our review to the finding. *Peabody v. McAvoy*, 23 Mich., 526; *Brown v. McHugh*, 36 Mich., 433. Besides, it nowhere appears that these minutes are minutes of all the testimony the referee had before him.

The finding is not a finding of facts at all, but a mere statement of the referee's conclusions as to what sums he should allow. His conclusions should have been based upon such a statement of facts as would have enabled us to see that they were legitimate; such a statement as would show why the defendant should be charged with the sum for which he advises judgment. There is nothing of the sort here, and no reason is apparent why the referee should have distinguished in his report between

findings of fact and finding of law, when manifestly the whole statement is only the conclusion he thinks should follow from facts he does not give us.

The defendant excepted to the report, but the court overruled the exception, and ordered judgment. This was erroneous. The finding must be sufficient to sustain a judgment, and this was not. As no action of the referee preceding the report is complained of, this exception was all that was needful, and the court should have sustained it. *Amboy etc. R. R. Co. v. Byerly,* 13 Mich., 439, 444.

There has been a mistrial, and the judgment must be set aside and the case remanded. The defendant must recover costs of this court.

The other Justices concurred.