## ROBERT YELVERTON v. MATTHEW STEELE.

*Findings of fact—Adverse possession.*

A finding of facts should state conclusions of fact, and not merely evidence.

The Supreme Court cannot, in law cases, draw conclusions of fact unless they are so inevitable as to amount to conclusions of law; but the conclusions meant are ultimate, and not merely subordinate conclusions.

The doctrine of title by adverse possession must be strictly construed.

Adverse possession must be clearly shown and not left to inference.

Adverse possession, to give title, must be "an actual, continued, visible, notorious, distinct and hostile possession," and a finding of adverse possession must set forth in explicit terms a state of facts that will satisfy the legal definition.

Error to Ingham. Submitted Jan. 29. Decided April 15.

EJECTMENT. Plaintiff brings error.

*Spaulding & Cranson* and *Hoyt Post* for plaintiff in error. Actual enclosure is not necessary to establish adverse possession, *Ewing v. Burnett*, 11 Pet., 52: s. c. 1 McL., 266; nor is it sufficient, *Coburn v. Hollis*, 3 Met., 125; *Hale v. Glidden*, 10 N. H., 397; nor is cutting timber, marking trees and making an entry or survey, *Slice v. Derrick*, 2 Rich., 627; adverse possession of uncultivated lands must be notorious, *Kennebeck Purchase v. Springer*, 4 Mass., 416; *Graham v. Small*, 25 Iowa, 177, and continuous, *Trotter v. Cassady*, 3 A. K. Marsh., 366.

*Lucien Reed* for defendant in error. Any act sufficient to put a person on inquiry is sufficient for adverse possession, *Brooks v. Bruyn*, 18 Ill., 539: 24 Ill., 372; so are visible and notorious acts of ownership under a claim of right, *Hoffman v. Harrington*, 28 Mich., 90; *Ellicott v. Pearl*, 10 Pet., 414; *Rupert v. Mark*, 15 Ill., 540; *Prettyman v. Wilkey*, 19 Ill., 235; *Dills v. Hubbard*, 21 Ill., 328; *Chandler v. Spear*, 22 Vt., 388; *Kent v. Harcourt*, 33 Barb., 491; *Monro v. Merchant*, 26 Barb., 383.

GRAVES, J. This is a writ of error to a judgment in ejectment against the plaintiff where the judge heard the evidence and made an express finding of facts. The objection raised is that the finding does not warrant the judgment. Except in one particular the case is in substance and effect the same as *Yelverton v. Hilliard*, 38 Mich., 355.

The action was commenced November 12, 1875, and the defense asserted is that during the ten years next preceding, the defendant and his predecessors in right were in continued adverse possession under tax-deeds from the Auditor General, and that the plaintiff was thereby bound pursuant to the act of 1863. Sess. L.

1863, p. 388; 2 Comp. L., p. 1973; *Toll v. Wright*, 37 Mich., 93, 103.

The facts are conclusively in favor of Yelverton's right to judgment unless the finding relative to the adverse possession is sufficient to defeat it. This is conceded, and as the finding expressly states that there was in fact such adverse possession from the 12th of November, 1875, back to January 4th, 1866, we may consider the period for controversy as extending no farther than from that time back to November 11, 1865, an interval of a little less than two months.

The law governing these findings has been many times explained. We recall the following cases: *Trudo v. Anderson*, 10 Mich., 357; *Thomas v. Sprague*, 12 Mich., 120; *Peabody v. McAvoy*, 23 Mich., 527; *Feller v. Green*, 26 Mich., 70; *Compton v. Blair*, 27 Mich., 397; *Todd v. Davis*, 32 Mich., 160; *Burk v. Webb*, id., 173; *Tower v. Detroit, Lansing & Lake Michigan R. R. Co.*, 34 Mich., 328; *Shelden v. Dutcher*, 35 Mich., 10; *Brown v. McHugh*, 36 Mich., 433.

This court has no power in law cases to weigh or construe evidence and make inferences or deduce results. That jurisdiction is confined to other tribunals. Its authority in reviewing law matters is restricted to questions of law, and hence though evidence may be reported which a tribunal competent to find the facts might consider abundantly sufficient to make out certain required results, it cannot have any force here. As observed in *Thomas v. Sprague*, supra, "when a finding of facts is required, it should state something more than evidence; it should state conclusions of fact," and as laid down in *Feller v. Green*, supra, where the facts given lead to a very strong inference, the conclusion cannot be drawn here "unless it is so entirely inevitable as in fact to become a conclusion of law."

The conclusions of fact mentioned are those ultimate propositions of fact, whether few or many, which the

evidence makes out and on which the law of the case depends, and not those subordinate facts which only help to the establishment of the main ones. *Peabody v. McAvoy,* supra; *Todd v. Davis,* supra; *Burk v. Webb,* supra: *Shelden v. Dutcher,* supra; *Brown v. McHugh,* supra.

The rule so well settled in this State as to the office and frame of these findings ought to be carefully observed when the claim of adverse possession is set up.

The doctrine which sanctions the divestiture of the true owner by hostile occupancy is to be taken strictly, and the case is not to be made out by inference, but by clear and cogent proof. *Brandt v. Ogden,* 1 Johns., 156; *Jackson v. Sharp,* 9 Johns., 163; *Kincaird v. Scott,* 12 Johns., 368; *Jackson v. Schoonmaker,* 2 Johns., 230; *Gay v. Moffit,* 2 Bibb, 506; *Huntington v. Whaley,* 29 Conn., 391; *Coburn v. Hollis,* 3 Met., 125.

Tested by these authorities the present finding fails to show an adverse possession from the 4th of January, 1866, for the additional time necessary to make out ten years.

It contains circumstances which are at most evidence on the subject, and on which a finding one way or the other might have been made. No such condition of things is affirmed as the law implies in its definition of adverse possession, and the process of ascertaining facts would have to be carried much further in the direction favorable to the claim of the defendant before it could be said that nothing remained except to recognize that the case called for the law of adverse possession. We do not mean that it is needful to use any particular phrase. The view is that there should be an express finding in terms certain and explicit, of a state of facts which without going further would satisfy the legal definition. The author of the American note to *Taylor v. Horde,* 2 Smith's Leading Cases [561], observes that the legal conception of that adverse possession which is required to constitute a bar to the assertion of a legal

title by the owner of it, or by one against whom the adverse occupant brings ejectment, is expressed with singular completeness and accuracy by Mr. Justice Duncan, where he says it must be "an actual, continued, visible, notorious, distinct and hostile possession."

Applying this description to that part of the finding in question, and the insufficiency of the latter is manifest. Without stopping to inquire how much is wanting, it is enough that there is no finding in any form of an actual and continued possession, either hostile or otherwise, during the period mentioned.

In *Yelverton v. Hilliard* it was expressly found that the possession was broken for some weeks. Here it is not found that there was possession during a like period. There the possession was negatived. Here possession is not found. The distinction is plain. The effect may be the same, however. *Rayner v. Lee*, 20 Mich., 384, is cited to the proposition that slight interruptions in the possession cannot operate to destroy that continuity which the doctrine of adverse possession demands. The case has no application. The objection there made was on the ground that it appeared by the evidence that on brief occasions between the going out of one tenant and the entry of another the premises were not actually occupied. There was no evidence of any intention by the claimant to abandon his right. The suit was in equity to quiet title, and the evidence as well as the law was for the judge. And when it came up on appeal this court was bound to review the evidence and ascertain the facts for itself, and we reached the conclusion that the evidence proved that the possession originally acquired had never been abandoned, and so found. The circumstances of the two cases are not parallel; but if the evidence in the case before us was all returned and equally strong, we could not find the fact.

The case is in the same predicament as *Shelden v. Dutcher* and *Brown v. McHugh*, previously cited.

The judgment must be reversed, and one entered here

for the plaintiff, with the costs of both courts, and the cause must be remanded for such other proceedings as may be proper.

The other Justices concurred.