### BEECHER *v.* FERRIS.[1]

EJECTMENT—ADVERSE POSSESSION — CONFLICTING CLAIMS — QUESTION FOR JURY.

> Where plaintiff in ejectment asserted title by adverse possession to a strip of land which defendant had used for a footpath, and defendant contended that he had made such use of the strip, and had maintained a sidewalk thereon, in order to show that he claimed adversely to the plaintiff, it was proper for the court to state the conflicting claims, and leave the decision to the jury.

Error to Wayne; Lillibridge, J. Submitted April 6, 1900. Decided May 2, 1900.

Ejectment by George L. Beecher against Alfred Ferris and Osman B. Canney. From a judgment for defendants, plaintiff brings error. Affirmed.

*Henry M. Cheever,* for appellant.

*John Galloway* and *Henry M. Du Bois,* for appellees.

HOOKER, J. This action is ejectment, and the plaintiff has appealed from an adverse verdict. Each party seems to rely upon a claim of title by adverse possession, and as plaintiff must recover upon the strength of his own title,

---

[1] Rehearing denied June 26, 1900.

and not upon the weakness of that of his adversary, if he is to recover it follows that the burden was upon him to show that *he* had title by adverse possession. The case has been before us three times; being reported in 110 Mich. 537 (68 N. W. 269); 112 Mich. 584 (70 N. W. 1106); and 117 Mich. 108 (75 N. W. 294).

The plaintiff alleges error upon the refusal of the court to direct a verdict in his favor, but we think that he was not entitled to such instruction, as he failed to show conclusively that he had open, visible, notorious, and exclusive possession for the statutory period. For many years the defendant maintained a sidewalk upon this strip, and it was in constant use by his tenants. *Yelverton* v. *Steele*, 40 Mich. 538; *Paldi* v. *Paldi*, 95 Mich. 410 ( 54 N. W. 903); *Judson* v. *Duffy*, 96 Mich. 255 (55 N. W. 837); *Pendill* v. *Agricultural Society*, 95 Mich. 491 (55 N. N. 384).

Error is alleged upon the following instruction to the jury :

"Now, defendant claims that board walk was not put there by permission, but that he only put it there as a claim of title to that two feet. He claims, further, that later he built across the end of the lot a barn which extended over upon these two feet of land at the rear end of the lot, corresponding to the two feet in the front end of the lot, and that he did that claiming title to that two feet; and therefore defendant claims that plaintiff did not have uninterrupted possession of that property for all of these years, or for 15 years, because defendant asserted title to the two feet he is now claiming title to."

Counsel argues that the testimony did not bear out these statements. The court does not appear to have been stating the testimony, but the theories or claims of the respective parties, and he left it to the jury to say whether or not these claims were proven. We think there was evidence to go to the jury upon them, and that the court might properly state such claims.

We find no error, and the judgment is affirmed.

The other Justices concurred.